**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTINE GRABLIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ONECOIN LTD., a foreign corporation; RUJA IGNATOVA, an individual; KONSTANTIN IGNATOV, an individual; SEBASTIAN GREENWOOD, an individual; and MARK SCOTT, an individual;<br><br>Defendants. | Case No.: 1:19-cv-04074-VEC<br><br>Hon. Valerie E. Caproni |

**PLAINTIFF CHRISTINE GRABLIS and CO-MOVANT DONALD BERDEAUX's MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ....................1

II. STATEMENT OF RELEVANT FACTS ....................3

III. ARGUMENT ....................6

A. Appointing Plaintiff Grablis And Co-Movant Berdeaux as Lead Plaintiffs Is Appropriate ....................6

1. The Procedure Required by the PSLRA ....................6

2. Grablis, Who Filed the Complaint, and Berdeaux are Willing to Serve as Class Representatives ....................7

3. Grablis and Berdeaux Have the Requisite Financial Interest in the Relief Sought by the Class ....................8

B. Grablis and Berdeaux Satisfy the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ....................9

1. Grablis and Berdeaux's Claims Are Typical of the Claims of All the Class Members ....................10

2. Grablis and Berdeaux Will Adequately Represent the Class ....................11

C. Appointing Grablis and Berdeaux's Choice of Counsel Is Appropriate ....................13

IV. CONCLUSION ....................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 21st Century Holding Co. Sec. Litig.*,
2007 U.S. Dist. LEXIS 103464 (S.D. Fla. Nov. 20, 2007) .......... 8, 11, 12

*Canson v. WebMD Health Corp.*,
2011 WL 5331712 (S.D.N.Y. Nov. 7, 2011) .......... 11

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .......... 2

*Cheney v. Cyberguard Corp., et al.*,
213 F.R.D. 484 (S.D. Fla. 2003) .......... 11

*In re Crayfish Co. Sec. Litig.*,
2002 WL 1268013 (S.D.N.Y. June 6, 2002) .......... 11

*In re Drexel Burnham Lambert Group*,
960 F.2d 285 (2d Cir. 1992) .......... 12

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) .......... 8, 10

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) .......... 12, 13

*Gen. Tel. Co. of the Southwest v. Falcon*,
457 U.S. 147 (1982) .......... 11

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) .......... 11

*Haung v. Acterna Corp.*,
220 F.R.D. 255 (D. Md. 2004) .......... 10

*In re Initial Public Offering Sec. Litig.*,
214 F.R.D. 117 (S.D.N.Y. 2002) .......... 11

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) .......... 10

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) .......... 13

*In re Milestone Sci. Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998) .......... 10

*Miller v. Dyadic Int'l Inc.*,
2007 U.S. Dist. LEXIS 96099 (S.D. Fla. Dec. 14, 2007) .......... 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ........................................ 11

*In re Petrobras Sec. Litig.*,
104 F. Supp. 3d 618 (S.D.N.Y. 2015)........................................ 14

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993)........................................ 11

*In re Tarragon Corp. Sec. Litig.*,
2007 WL 4302732 (S.D.N.Y. Dec. 6, 2007) ........................................ 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)........................................ 8, 9, 10, 13

*Weiss v. York Hosp.*,
745 F.2d 786 (3d Cir. 1984)........................................ 11

**Statutes**

15 U.S.C. § 77z-1(a) ........................................ 6

15 U.S.C. § 77z-1(a)(3)(A) ........................................ 7

15 U.S.C. § 77z-1(a)(3)(A)(i)(II) ........................................ 7

15 U.S.C. § 77z-1(a)(3)(B) ........................................ passim

15 U.S.C. § 77z-1(a)(3)(B)(i) ........................................ 7

15 U.S.C. § 77z-1(a)(3)(B)(ii) ........................................ 6

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ........................................ 7, 13

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ........................................ 7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa)........................................ 13

15 U.S.C. § 77z-1(a)(3)(B)(v)........................................ 13

**Rules**

FED. R. CIV. P. 23(a) ........................................ passim

This memorandum of law is being filed in support of the Motion filed by Plaintiff CHRISTINE GRABLIS, an individual ("GRABLIS"), and Co-Movant DONALD BERDEAUX, an individual ("BERDEAUX"), in connection herewith for entry of an Order: (*i*) appointing Plaintiff GRABLIS and Co-Movant BERDEAUX as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B); (*ii*) approving their selection of Silver Miller and Levi & Korsinsky, LLP ("Levi & Korsinsky") as Co-Lead Counsel; and (*iii*) granting such other and further relief as the Court may deem just and proper. In support of this Motion, Plaintiff GRABLIS and Co-Movant BERDEAUX submit herewith the Declaration of William J. Fields, dated July 8, 2019 (the "Fields Decl.").

## I. PRELIMINARY STATEMENT

Presently pending before the Court is a securities class action lawsuit (the "Action") brought on behalf of Plaintiff GRABLIS and all persons and entities who, between April 2014 and May 2019 (the "Class Period"), transferred to ONECOIN LTD. any fiat currency or cryptocurrency to invest in a purported digital cryptocurrency called "OneCoin" and who suffered financial injury as a result thereof. Manhattan U.S. Attorney Geoffrey S. Berman described the organizers and promoters of OneCoin thusly:

> *[They] created a multi-billion-dollar "cryptocurrency" company based completely on lies and deceit. They promised big returns and minimal risk, but ... this business was a pyramid scheme based on smoke and mirrors more than zeroes and ones. Investors were victimized while the defendants got rich.*

As alleged in the Complaint in this Actin, OneCoin is a purported cryptocurrency that never really existed, on a blockchain that never really existed, born from mining farms that never really existed, yet fraudulently sold to investors throughout the world through a densely-packed multi-level-marketing system that ultimately amassed a reported Four Billion Dollars ($4,000,000,000.00) in revenues.

The Action alleges violations of Sections 12(a)(1) and 15(a), 15 U.S.C. §§ 77l(a)(1), 77o(a), of the Securities Act of 1933 (the "Securities Act") stemming from the alleged sale of unregistered securities -- in the form of OneCoin trader packages/memberships and/or OneCoin, against ONECOIN LTD. and the following key members of ONECOIN LTD.'s core team of executives: RUJA IGNATOVA, an individual; KONSTANTIN IGNATOV, an individual; SEBASTIAN GREENWOOD, an individual (collectively, "the ONECOIN CORPORATE Defendants").

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally*, *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Plaintiff GRABLIS transmitted to ONECOIN LTD. Fifteen Thousand Eight Hundred Dollars ($15,800.00) as her purchase of, and initial investment in, OneCoin trader packages/memberships and/or OneCoin. Over time, Plaintiff GRABLIS' out-of-pocket investment loss at ONECOIN LTD. totaled approximately One Hundred Thirty Thousand Dollars ($130,000.00); and she has suffered financial harm as a result of Defendants' alleged offer and sale of unregistered securities during the Class Period. Similarly, BERDEAUX invested a sum total of approximately Seven Hundred Fifty-Six Thousand Dollars ($756,000.00) in OneCoin trader packages/memberships and/or OneCoin as a result of Defendants wrongful conduct alleged in the Action; and he too suffered financial harm as a result of Defendants' alleged offer and sale of unregistered securities during the Class Period.

Moreover, GRABLIS and BERDEAUX satisfy the requirements of Rule 23 in that their claims are typical of the claims of the Class, and they will fairly and adequately represent the

interests of the Class. As such, GRABLIS and BERDEAUX meet the requirements of the PSLRA for appointment as Lead Plaintiffs.

Accordingly, GRABLIS and BERDEAUX respectfully submit that they should be appointed Lead Plaintiffs. Additionally, GRABLIS and BERDEAUX's selection of Silver Miller and Levi & Korsinsky as Co-Lead Counsel for Lead Plaintiffs and the proposed class should be approved by this Court.

## II. STATEMENT OF RELEVANT FACTS

GRABLIS, BERDEAUX, and the Class are among the members of the public who invested in a reported Four Billion Dollars' ($4,000,000,000.00) worth of OneCoin trader packages/memberships and/or OneCoin to be held in, and exchanged from, their ONECOIN LTD. accounts.[1] ¶ 1.

ONECOIN LTD. was founded in or about April 2014 and promoted that investments in its ecosystem served a variety of altruistic purposes including education, charity, and community. ¶ 56. Contrary to those representations, investments in ONECOIN LTD. did none of those things. ¶ 57. In reality, ONECOIN LTD. was nothing more than a pyramid/Ponzi scheme. ¶ 4.

ONECOIN LTD. promoted various different "trader packages" priced at, for example, €110 and €118,100 euros, including "Starter" packages and "Tycoon Trader," "Premium Trader," "Infinity Trader," and "Ultimate Trader" packages. Purchase of a trader package provides access to "educational materials" and "tokens." ¶ 58. The "educational materials," as it turned out, consisted mostly of information copied from Wikipedia and other free informational sources. ¶ 59.

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "Complaint" or "Compl."). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference. [Docket Entry No. ("DE") 1].

Moreover, an investor who purchased the educational materials and "tokens" did not directly receive OneCoins; rather, the investor had to submit his/her "tokens" for mining of OneCoins. ¶ 60. There were, however, no mining farms; and no mining of OneCoins ever occurred. ¶ 65. The company simply created new OneCoins at will without adhering to any of the actual principles of blockchain technology. *Id.*

ONECOIN LTD. has further claimed that the value of OneCoin is based on market supply and demand and that ONECOIN LTD. had a private "blockchain" -- a digital ledger identifying OneCoins and recording historical transactions. ¶¶ 67, 70. Contrary to those allegations, though, ONECOIN LTD. had no such blockchain. ¶ 72. Instead, ONECOIN LTD. simply used a basic computer SQL script to generate coins. *Id*. Moreover, ONECOIN LTD. principals themselves pre-determined what the value of OneCoins would be, without regard to "market supply and demand." ¶ 74.

Despite having been banned in numerous countries, ONECOIN LTD. continues to operate to this day. ¶ 84. At different or overlapping times relevant hereto, ONECOIN LTD.'s operations have been managed and promoted by RUJA IGNATOVA, KONSTANTIN IGNATOV, and SEBASTIAN GREENWOOD. In addition, ONECOIN LTD.'s operations were supported by Defendant MARK SCOTT, who -- using his law license and legal knowledge -- formed foreign hedge funds through which he and his fellow Defendants laundered more than $400 million of the proceeds of the OneCoin cryptocurrency scheme. ¶¶ 37-38.

The OneCoin trader packages/memberships and/or OneCoin tokens sold by the ONECOIN CORPORATE Defendants was a clear offer and sale of unregistered securities because, *inter alia*, GRABLIS, BERDEAUX, and other similarly situated investors: (*i*) invested fiat currency or digital currency, (*ii*) into a common enterprise, and (*iii*) with the expectation of receiving OneCoin

trader packages/memberships and/or OneCoin tokens which would purportedly increase in value and produce substantial returns for investors. GRABLIS, BERDEAUX, and the Class were investing in a common enterprise with the ONECOIN CORPORATE Defendants, as the cryptocurrency and fiat currency were pooled under the control of the ONECOIN CORPORATE Defendants, and the success of OneCoin trader packages/memberships and/or OneCoin -- and thus potential profits stemming from the future valuation of OneCoin trader packages/memberships and/or OneCoin -- was entirely reliant on the ONECOIN CORPORATE Defendants' actions, primarily ONECOIN LTD.'s alleged implementation of its mining processes, which ONECOIN LTD. claimed would produce returns sufficient to cover interest payments to the OneCoin membership holders and investors. ¶ 112.

Despite OneCoin trader packages/memberships and/or OneCoin's clear characterization as a "security," the ONECOIN CORPORATE Defendants did not register OneCoin trader packages/memberships and/or OneCoin with any regulatory authority in the United States as required by federal securities laws. ¶¶ 109, 135. Furthermore, the ONECOIN CORPORATE Defendants neither applied for, nor received, an exemption from registration of OneCoin trader packages/memberships and/or OneCoin with regulatory authorities in the United States as required by federal securities laws. ¶ 163.

The Action alleges that throughout the Class Period, the ONECOIN CORPORATE Defendants violated the Securities Act by offering and selling unregistered securities. ¶¶ 118, 135, 139, 140. The Action requests compensatory and equitable relief rescinding the purchases of/investments in OneCoin trader packages/memberships and/or OneCoin by Plaintiff GRABLIS and the Class and/or restoring to them the assets and funds they were wrongfully induced into investing. ¶¶ 13, 50.

## III. ARGUMENT

### A. Appointing Plaintiff Grablis And Co-Movant Berdeaux as Lead Plaintiffs Is Appropriate

#### *1. The Procedure Required by the PSLRA*

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 77z-1(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (a) has either filed the complaint or made a motion in response to a notice;
>
> (b) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (c) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the

interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, GRABLIS and BERDEAUX satisfy the foregoing criteria and are not aware of any unique defenses that the Defendants could raise against them. Therefore, GRABLIS and BERDEAUX are entitled to the presumption that they are the most adequate plaintiffs to represent the Class and, as a result, should be appointed Lead Plaintiffs in the Action.

### ***2. Grablis, Who Filed the Complaint, and Berdeaux are Willing to Serve as Class Representatives***

On May 7, 2019, this Action was filed by Plaintiff GRABLIS on behalf of herself and all similarly-situated investors.[2] On the same day, counsel in the Action caused a notice (the "Notice") to be published pursuant to the PSLRA, 15 U.S.C. § 77z-1(a)(3)(A), which announced that a securities class action had been filed against Defendants and which advised putative class members that they had until July 8, 2019, to file a motion to seek appointment as a lead plaintiff in the Action.[3] Plaintiff GRABLIS was at the time this Action was commenced, and today remains, willing and ready to serve as a Class representative. Likewise, BERDEAUX has reviewed the Complaint filed in this Action, has timely joined in this motion pursuant to the Notice, and is willing and ready to serve as a Class representative.

Accordingly, GRABLIS and BERDEAUX satisfy the first requirement to serve as Lead Plaintiffs for the Class.

---

[2] DE 1.

[3] The Notice was published over *PR Newswire*, a widely-circulated international wire service. A copy of the Notice is attached as Exhibit 4 to the Fields Decl.

### *3. Grablis and Berdeaux Have the Requisite Financial Interest in the Relief Sought by the Class*

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, GRABLIS and BERDEAUX have, to their knowledge, the largest financial interest in the relief sought by the Class that also satisfies that requirements of Rule 23 *See*, Fields Decl., Exs. 1 and 2. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *See*, *Miller v. Dyadic Int'l Inc*., 2007 U.S. Dist. LEXIS 96099, at *5 (S.D. Fla. Dec. 14, 2007); *In re 21st Century Holding Co. Sec. Litig*., 2007 U.S. Dist. LEXIS 103464, at *9 (S.D. Fla. Nov. 20, 2007).

Courts permit unrelated investors to move for appointment as lead plaintiff, and aggregate their financial interests, on a case-by-case basis. *See*, *Varghese v. China Shenghuo Pharm. Holdings, Inc*., 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008); *In re eSpeed, Inc. Sec. Litig*., 232 F.R.D. 95, 99 (S.D.N.Y. 2005). Groups with unrelated members must, however, provide evidence that they will function cohesively and thus best serve the class. *Varghese*, 589 F. Supp. 2d at 392; *see also*, *In re Tarragon Corp. Sec. Litig*., 2007 WL 4302732, at *2 (S.D.N.Y. Dec. 6, 2007) ("[T]o enjoy the rebuttable presumption that the statute confers, there must be some evidence that the members of the group will act collectively and separately from their lawyers.").

Within the Class Period, GRABLIS and BERDEAUX purchased unregistered securities from Defendants, in the form of OneCoin trader packages/memberships and/or OneCoin, and were injured thereby. From August 2015 through August 2016, Plaintiff GRABLIS invested a sum total of approximately One Hundred Three Thousand Five Hundred Dollars ($103,500.00) in OneCoin trader packages/memberships and/or OneCoin. As of May 7, 2019 (the date on which the Complaint in this Action was filed), Plaintiff GRABALIS' out-of-pocket investment loss at

ONECOIN LTD. totaled approximately One Hundred Thirty Thousand Dollars ($130,000.00). *See*, Fields Decl., Ex. 1.

Similarly, from August 2015 through May 2016, BERDEAUX invested a sum total of approximately Seven Hundred Fifty-Six Thousand Dollars ($756,000.00) in OneCoin trader packages/memberships and/or OneCoin as a result of Defendants wrongful conduct alleged in the Action. *See*, Fields Decl., Ex. 2.

GRABLIS and BERDEAUX thus have a significant financial interest in the outcome of this case. To the best of GRABLIS and BERDEAUX's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Additionally, GRABLIS and BERDEAUX will function cohesively as representatives of the Class. *See*, Fields Decl., Ex. 3.

### B. Grablis and Berdeaux Satisfy the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

Pursuant to 15 U.S.C. § 77z-1(a)(3)(B), in addition to filing the Complaint or possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). However, the Rule 23 analysis in the context of appointment of lead plaintiff "need not be as complete as would a similar determination for the purpose of a class certification."

*eSpeed*, 232 F.R.D. at 102. The parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet the Rule 23 prerequisites, and courts need only consider the typicality and adequacy requirements. *Varghese*, 589 F. Supp. 2d at 397; *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007); *eSpeed*, 232 F.R.D. at 102. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See*, *Haung v. Acterna Corp*., 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998). As detailed below, GRABLIS and BERDEAUX satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

#### ***1. Grablis and Berdeaux's Claims Are Typical of the Claims of All the Class Members***

Under Rule 23(a), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." With respect to typicality, courts consider whether the claims of the proposed lead plaintiff "arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Public Offering Sec. Litig*., 214 F.R.D. 117, 121 (S.D.N.Y. 2002) (quoting *In re Crayfish Co. Sec. Litig*., 2002 WL 1268013, at *5 (S.D.N.Y. June 6, 2002)); *see also*, *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998). While the claim need not be identical, it must be substantially similar to the other members' claims. *See*, *Canson v. WebMD Health Corp.*, 2011 WL 5331712, at *4 (S.D.N.Y. Nov. 7, 2011).

GRABLIS and BERDEAUX plainly meet the typicality requirement of Rule 23 because: (*i*) they suffered the same injuries as the absent class members; (*ii*) they suffered as a result of the same course of conduct by Defendants; and (*iii*) their claims are based on the same legal issues. *See In re 21st Century*, 2007 U.S. Dist. LEXIS 103464 at *15 (citing *Cheney v. Cyberguard Corp.*,

*et al.*, 213 F.R.D. 484, 491 (S.D. Fla. 2003)); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. at 50 (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which the other class members' claims and injuries arise") (citation omitted). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because GRABLIS and BERDEAUX's claims are identical to, and neither compete nor conflict with, the claims of the other Class members. GRABLIS and BERDEAUX, like the other members of the Class, invested in OneCoin trader packages/memberships and/or OneCoin tokens and purchased unregistered securities that were offered and sold in violation of federal and/or state securities law. Thus, GRABLIS and BERDEAUX's claims are typical, if not identical, to those of the other members of the Class because GRABLIS and BERDEAUX suffered losses similar to those of the other Class members; and their losses result from Defendants' common course of wrongful conduct. Accordingly, GRABLIS and BERDEAUX satisfy the typicality requirement of Rule 23(a)(3). *See In re 21st Century*, 2007 U.S. Dist. LEXIS 103464 at *15; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

***2. Grablis and Berdeaux Will Adequately Represent the Class***

Moreover, GRABLIS and BERDEAUX are adequate representatives of the Class. Under Rule 23 (a)(4), the representative parties must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to

whether the interests of the movant are clearly aligned with the members of the putative class and whether there is evidence of any antagonism between the interests of the movants and other members of the Class. 15 U.S.C. § 77z-1(a)(3)(B); *see also*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011) ("The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.").

GRABLIS and BERDEAUX's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between GRABLIS and BERDEAUX's interests and those of the Class, but GRABLIS and BERDEAUX have a significant and compelling interest in prosecuting the actions based on the large financial losses they have suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with GRABLIS and BERDEAUX's identical interests with the members of the Class, demonstrates that GRABLIS and BERDEAUX will vigorously pursue the interests of the Class. In addition, GRABLIS and BERDEAUX have retained counsel experienced in prosecuting securities class actions and have submitted their choice to the Court for approval pursuant to 15 U.S.C. § 77z-1(a)(3)(B).

Accordingly, at this stage of the proceedings, GRABLIS and BERDEAUX have made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). In addition, because GRABLIS and BERDEAUX have sustained the largest amount of losses from the Defendants' alleged wrongdoing, they are, therefore, the presumptive lead plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### C. Appointing Grablis and Berdeaux's Choice of Counsel Is Appropriate

As noted above, one of the factors the Court must consider in appointing a lead plaintiff is whether the counsel selected by that lead plaintiff is qualified, experienced, and generally able to conduct the litigation." *Foley*, 272 F.R.D. at 131. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa). Moreover, "[t]he PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (quoting *Varghese*, 589 F. Supp. 2d at 398). Courts often rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. *See, e.g.*, *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015) (relying on a declaration detailing counsel's extensive experience with complex class action litigations).

GRABLIS and BERDEAUX have selected and retained Silver Miller and Levi & Korsinsky as the proposed Co-Lead Counsel. The attorneys with Silver Miller and Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. *See* Fields Decl., Exs. 5-6 (the firm resumes of Silver Miller and Levi & Korsinsky respectively).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff CHRISTINE GRABLIS and Co-Movant DONALD BERDEAUX respectfully request that this Court: (1) appoint them as Lead Plaintiffs for the Class in the Action; and (2) approve Silver Miller and Levi & Korsinsky, LLP as Co-Lead Counsel in the Actions.

***[Signatures on Following Page}***

Dated: July 8, 2019

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ *William J. Fields*
William J. Fields (5054952)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: wfields@zlk.com

**LEVI & KORSINSKY, LLP**
Donald J. Enright (*pro hac vice* forthcoming)
John A. Carriel (*pro hac vice* forthcoming)
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
E-mail: denright@zlk.com
E-mail: jcarriel@zlk.com

**SILVER MILLER**
David C. Silver (*pro hac vice* forthcoming)
Jason S. Miller (*pro hac vice* forthcoming)
11780 W. Sample Road
Coral Springs, FL 33065
Tel: (954) 516-6000
E-mail: DSilver@SilverMillerLaw.com
E-mail: JMiller@SilverMillerLaw.com

*Counsel for Plaintiff Christine Grablis and Co-Movant Donald Berdeaux, and [Proposed] Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this 8th day of July 2019 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: **WENDY SCHWARTZ, ESQ. and LINDSAY A. BUSH, ESQ.**, BINDER & SCHWARTZ LLP, *Counsel for Defendant Mark Scott*, 366 Madison Avenue - 6th Floor, New York, NY 10017; E-mail: WSchwartz@BinderSchwartz.com; LBush@BinderSchwartz.com.

*/s/ William J. Fields*
William J. Fields