**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

DONALD BERDEAUX and CHRISTINE GRABLIS, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

-against-

ONECOIN LTD.; RUJA IGNATOVA, KONSTANTIN IGNATOV; SEBASTIAN GREENWOOD; and MARK SCOTT,

Defendants.

Case No.: 1:19-cv-04074-VEC

Hon. Valerie E. Caproni

**LEAD PLAINTIFF DONALD BERDEAUX'S MEMORANDUM OF LAW IN SUPPORT OF BERDEAUX'S MOTION FOR APPROVAL OF SELECTION OF CO-LEAD COUNSEL UNDER 15 U.S.C. § 78u-4(a)(3)(B)(v)**

This Memorandum of Law is being filed in support of the Motion filed by Lead Plaintiff Donald Berdeaux ("Berdeaux") seeking entry of an Order: (i) approving Berdeaux's selection of Silver Miller and Levi & Korsinsky, LLP ("Levi & Korsinsky") as Co-Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (ii) granting such other and further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

On July 8, 2019, Lead Plaintiff Berdeaux and Plaintiff Christine Grablis ("Grablis") filed a motion seeking an Order: (i) appointing Berdeaux and Grablis as co-lead plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B); (ii) approving their selection of Silver Miller and Levi & Korsinsky as Co-Lead Counsel; and (iii) granting such other relief as the Court may deem just and proper. (Dkt. No. 21) (the "Lead Plaintiff Motion"). On July 11, 2019, the Court issued an Order appointing Berdeaux as Lead Plaintiff

pursuant to the PSLRA and directing Berdeaux to "file a motion for approval of Lead Counsel under 15 U.S.C. § 78u-4(a)(3)(B)(v)." Dkt. No. 29 (the "Lead Plaintiff Order") at 2. Additionally, the Lead Plaintiff Order further stated that "[i]f Lead Plaintiff Berdeaux continues to prefer that both Levi & Korsinsky LLP and Silver Miller be approved as co-Lead Counsel, his motion must explain why the retention of two law firms is appropriate and necessary to adequately represent the putative class." *Id.*

As set forth herein, Lead Plaintiff Berdeaux has selected and retained Silver Miller and Levi & Korsinsky as the proposed Co-Lead Counsel and believes that a co-lead counsel structure will ensure that the putative class will receive the highest caliber of legal representation because, *inter alia*: (i) the attorneys with Silver Miller and Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as the instant action (the "Action"); (ii) Silver Miller and Levi & Korsinsky are currently working together on several securities class actions and have developed a cooperative approach that minimizes duplication of effort while remaining highly efficient; (iii) this action is likely to involve extensive motion practice and discovery, and the cooperative efforts of the two firms will better enable the successful prosecution of the putative class' claims without overwhelming either firm's resources; and (iv) this Action involves substantial litigation and recoverability risk, and will likely involve substantial litigation expenses, including expert fees, which -- when proceeding on a co-lead basis -- will better allow counsel to defray these risks and costs.

## <u>ARGUMENT</u>

### I. STANDARD OF LAW

"The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court." *Simmons v. Spencer*, 2014 U.S. Dist. LEXIS 58743, at *17 (S.D.N.Y.

Apr. 24, 2014). "The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)). "Thus, the Court should not disturb the lead plaintiff's choice of counsel unless 'necessary to protect the interest of the plaintiff class.'" *Simmons*, 2014 U.S. Dist. LEXIS 58743, at *17 (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa)); *see also In re Smith Barney Transfer Agent Litig.*, 2011 U.S. Dist. LEXIS 144351, at *12 (S.D.N.Y. Dec. 15, 2011) ("'The court should generally employ a deferential standard in reviewing the lead plaintiffs choices.'") (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001)); *In re Star Gas Sec. Litig.*, 2005 U.S. Dist. LEXIS 5827, at *9–10 (D. Conn. Apr. 8, 2005) ("Under this provision, 'the court's role is generally limited to 'approving or disapproving lead plaintiff's choice of counsel;' and … it is not the court's responsibility to make that choice itself.'") (quoting *In re Cendant Corp.*, 264 F.3d at 274).

## II. THE COURT SHOULD APPROVE LEAD PLAINTIFF'S PROPOSED CO-LEAD COUNSEL

Lead Plaintiff Berdeaux has selected and retained Silver Miller and Levi & Korsinsky to serve as proposed co-lead counsel on behalf of himself and the putative class. "[W]hile the PSLRA may not explicitly discuss more than one lead counsel, there is nothing in it to suggest that two law firms is inappropriate." *FUNKE v. LIFE Fin. Corp.*, 2003 U.S. Dist. LEXIS 1226, at *21 (S.D.N.Y. Jan. 25, 2003) (collecting cases in which multiple lead counsel were appointed). "Rather, appointment of multiple counsel is routine and widely accepted." *Sklar v. Bank of Am. Corp. (In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.)*, 258 F.R.D. 260, 273 (S.D.N.Y. 2009).

The appointment of co-lead counsel in this Action is appropriate for several reasons. First, as demonstrated in the firm resumes submitted in connection with the Lead Plaintiff Motion (Dkt. No. 22-5 - 22-6), the attorneys with Silver Miller and Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions, including several involving claims arising in the context of digital asset investments and cryptocurrencies. *See, e.g., In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015) (relying on a declaration detailing counsel's extensive experience with complex class action litigations); *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 357 (S.D.N.Y. 2011) (appointing co-lead counsel upon finding lead plaintiff's "choice of counsel qualified to prosecute" the action).

In addition, Silver Miller and Levi & Korsinsky have a well-established working relationship, are currently serving as co-lead counsel on several PSLRA-governed securities class actions,[1] and have developed a cooperative approach that minimizes duplication of effort while remaining highly efficient. Accordingly, here, appointment of co-lead counsel will not result in any problematic inefficiencies, nor will it increase attorneys' fees incurred in prosecuting this Action. *FUNKE*, 2003 U.S. Dist. LEXIS 1226, at *21 (appointing "co-lead counsel 'provided that there is no duplication of attorneys' services, and the use of co-lead counsel does not in any way increase attorneys' fees and expenses.'") (quoting *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 158 (S.D.N.Y. 1997)); *Peters v. Jinkosolar Holding Co.*, 2012 U.S. Dist. LEXIS 38489, at *35-36 (S.D.N.Y. Mar. 19, 2012) ("[G]iven the policy of the PSLRA to allow lead plaintiffs to select their own counsel, the Court will approve [lead plaintiff's] selection" of co-lead counsel "'with the understanding that there shall be no duplication of attorney's services and that the use

---

[1] *See Fabian v. Nano*, 4:19-cv-00054-YGR (N.D. Cal. Apr. 10, 2019); *Balestra v. Giga Watt, Inc.*, 2:18-cv-00103-SMJ (E.D. Wash. June 28, 2018); *In re BitConnect Sec. Litig.*, 9:18-cv-80086-DMM (S.D. Fla. June 19, 2018).

of co-lead counsel will not in any way increase attorney's fees and expenses.'") (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998)).

In addition, this Action involves claims arising from an alleged international Ponzi scheme spanning several years which resulted in approximately $4 billion in injuries to the putative class and thus, will likely require significant resources and litigation expenses to effectively prosecute. Accordingly, appointment of the two firms will better enable the successful prosecution of the putative class' claims without overwhelming either firm's resources. *See Sklar*, 258 F.R.D. at 273 (appointing co-lead counsel as the firms would "be able to share resources and expertise for the litigation"); *see also Oxford*, 182 F.R.D. at 46 (appointing multiple lead counsel where the putative class would benefit from "the resources of the plaintiffs' counsel in order to support what could prove to be a costly and time-consuming litigation").

Similarly, given the international scope of this Action and anticipated difficulties in prosecuting claims against international defendants such as defendant Ruja Ignatova—a wanted fugitive—prosecuting this Action also involves substantial litigation and recoverability risk. Accordingly, appointment of co-lead counsel will further protect the interests of the putative class by affording "the class the benefit of combined resources to defray what may prove to be significant up-front litigation costs . . .." *Pub. Employees' Ret. Sys. of Miss. v. Millennial Media, Inc. (In re Millennial Media, Inc. Sec. Litig.)*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015).

In sum, Lead Plaintiff Berdeaux's selection of Silver Miller and Levi & Korsinsky as co-lead counsel in this Action should be approved to enable the putative class to benefit from the firms' combined knowledge, experience and resources leading to increased efficiency in prosecuting the Action. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004).

**CONCLUSION**

For the foregoing reasons, Lead Plaintiff Berdeaux respectfully requests that this Court: (i) approve Berdeaux's selection of Silver Miller and Levi & Korsinsky as Co-Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: July 22, 2019

Respectfully Submitted

**LEVI & KORSINSKY, LLP**

By: ______________
William J. Fields (5054952)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
E-mail: wfields@zlk.com

**LEVI & KORSINSKY, LLP**
Donald J. Enright (*pro hac vice* forthcoming)
John A. Carriel (*pro hac vice* forthcoming)
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Facsimile: (202) 333-2121
E-mail: denright@zlk.com
E-mail: jcarriel@zlk.com

**SILVER MILLER**
David C. Silver (*pro hac vice* forthcoming)
Jason S. Miller (*pro hac vice* forthcoming)
11780 W. Sample Road
Coral Springs, FL 33065
Tel: (954) 516-6000
E-mail: DSilver@SilverMillerLaw.com
E-Mail: JMiller@SilverMillerLaw.com

*Attorneys for Lead Plaintiff Donald Berdeaux and [Proposed] Co-Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court of this 22nd day of July 2019 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: **WENDY SCHWARTZ, ESQ. and LINDSAY A. BUSH, ESQ.**, Binder & Schwartz LLP, *Counsel for Defendant Mark Scott*, 366 Madison Avenue - 6th Floor, New York, NY 10017; E-mail: WSchwartz@BinderSchwartz.com; LBush@BinderSchwartz.com.

William J. Fields