Case 1:19-cv-04074-VEC   Document 45   Filed 08/15/19   Page 1 of 2



55 Broadway, 10th Floor
New York, NY 10006
T: 212-363-7500
F: 212-363-7171
www.zlk.com

William J. Fields
wfields@zlk.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2019
```

**MEMO ENDORSED**

August 14, 2019

<u>**VIA ELECTRONIC CASE FILING**</u>

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Courtroom 443
New York, NY 10007

      Re:    <u>*Berdeaux v. OneCoin Ltd., et al.*, Case No. 1:19-cv-04074-VEC (S.D.N.Y.)</u>

Dear Judge Caproni:

      This firm, Levi & Korsinsky, LLP, represents Lead Plaintiff Donald Berdeaux ("Berdeaux") and plaintiff Christine Grablis ("Grablis") ("Plaintiffs") in the subject action ("Action"). We write in accordance with this Court's August 9, 2019 Order (ECF No. 42) and in response to defendant Mark Scott's ("Scott") letter requesting a conference on his contemplated motion for a stay of this Action (the "Contemplated Motion to Stay") pending resolution of Scott's criminal trial (ECF No. 41) (the "Scott Letter").[1]

      Plaintiffs do not oppose Scott's request for a conference with the Court to discuss the Contemplated Motion to Stay. In the event the Contemplated Motion to Stay is filed, Plaintiffs will submit full briefing in opposition to the requested stay in accordance with this Court's Local Rules. Contrary to the arguments previewed in the Scott Letter, the facts, circumstances, and timing of the proceedings against Scott and his co-defendants in this Action weigh heavily against granting any stay.

      "The party seeking a stay 'bears the burden of establishing its need.'" *Capak v. Epps*, No. 18-CV-4325 (RA), 2018 U.S. Dist. LEXIS 215139, at *6–7 (S.D.N.Y. Dec. 21, 2018) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012)). Scott has not, and cannot, meet this burden. The Scott Letter does argue that, absent a stay, Defendant Scott's privileges afforded "under the Fifth Amendment will be undermined and his criminal trial might be prejudiced . . .." Scott Letter at 1. However, this argument is purely speculative; and this Court has previously expressed that it will not grant "a stay solely on 'speculative and uncertain risks to defendant's interests' where no showing of possible prejudice has been made." *Capak*, 2018 U.S. Dist. LEXIS 215139, at *11 (quoting *Maldanado v. City of New York*, No. 17-CV-6618 (AJN), 2018 U.S. Dist. LEXIS 93417, at *2 (S.D.N.Y. June 4, 2018)).

---

[1]     The Scott Letter incorrectly asserts that Plaintiffs' "Amended Complaint was rejected due to filing errors and, to date, has not been re-filed." Scott Letter at 1, fn.1. The Amended Complaint was properly filed on August 2, 2019 and has not been rejected. *See* ECF No. 40.

LEVI&KORSINSKY, LLP

Page 2 of 2
August 14, 2019

  Furthermore, the potential for prejudice against Scott "'is diminished where, such as here, a private party, not the government, is the plaintiff in the civil action'" because "'it is less likely in such cases that the civil discovery process will be used as a cloak to conduct criminal discovery.'" *Bernard v. Lombardo*, 2017 U.S. Dist. LEXIS 106985, at *11 (S.D.N.Y. June 9, 2017) (quoting *Citibank, N.A v. Hakim*, 92 Civ. 6233, 1993 U.S. Dist. LEXIS 16299, at *7 (S.D.N.Y. Nov. 17, 1993)); *see also Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 579 (S.D.N.Y. 2001) (same).

  "[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why [a] plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Capak*, 2018 U.S. Dist. LEXIS 215139, at *6 (internal quotation marks and citation omitted). After all, "'it would be perverse if plaintiffs who claim to be the victims of criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of the criminal authorities.'" *Rex & Roberta Ling Living Tr. v. B Communs., Ltd.*, 346 F. Supp. 3d 389, 412 (S.D.N.Y. 2018) (quoting *Sterling Nat'l Bank*, 175 F. Supp. 2d at 575).

  In this instance, there has been no showing that any civil discovery taken in this case would be used in any criminal prosecution, let alone that Scott would be unduly prejudiced. Hence, there is no basis for the Court to grant a stay in this matter. Indeed, such a stay would improperly hinder and prejudice the prosecution of Plaintiffs' claims against numerous defendants – not just Scott. *See, e.g.*, *Ashton v. al Qaeda Islamic Army*, No. 03 MDL 1570 (GBD)(FM), 2011 U.S. Dist. LEXIS 136581, at *91 (S.D.N.Y. Nov. 21, 2011) ("Indeed, the grant of a stay as to Sedaghaty would likely impede the Plaintiffs' ability to pursue discovery relating to other defendants").

  We thank Your Honor for the Court's time and attention and are available for a conference at the Court's convenience.

Respectfully submitted,

William J. Fields

cc: all counsel of record (via ECF)

The parties must appear for a conference on Defendant Scott's request for a stay on **August 23, 2019 at 10:00 A.M.** The conference will be in Room 443 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007.
SO ORDERED.

8/15/2019

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE