**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

DONALD BERDEAUX and CHRISTINE
GRABLIS, Individually and on Behalf of All
Others Similarly Situated,

                         Plaintiffs,

           -against-

ONECOIN LTD.; RUJA IGNATOVA,
KONSTANTIN IGNATOV; SEBASTIAN
GREENWOOD; MARK SCOTT; IRINA
ANDREEVA DILINSKA; DAVID PIKE;
and NICOLE J. HUESMANN,

                        Defendants.

Case No.: 1:19-cv-04074-VEC

Hon. Valerie E. Caproni

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO**
**EFFECT ALTERNATIVE SERVICE ON DEFENDANTS ONECOIN LTD.,**
**<u>RUJA IGNATOVA, SEBASTIAN GREENWOOD, AND IRINA ANDREEVA DILINSKA</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

RELEVANT PROCEDURAL HISTORY ..................................................................................2

ARGUMENT .........................................................................................................................2

     I.     PLAINTIFFS' PROPOSED METHODS OF ALTERNATIVE SERVICE............2

     II.    THE PROPOSED METHODS OF SERVICE ARE REASONABLY
           CALCULATED TO PROVIDE THE UNSERVED DEFENDANTS WITH
           NOTICE OF THIS ACTION..................................................................................4

     III.   THE PROPOSED METHODS OF SERVICE COMPORT WITH DUE
           PROCESS .............................................................................................................7

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Advanced Aerofoil Techs., AG v. Todaro*,
  No. 11-cv-9505, 2012 WL 299959 (S.D.N.Y. Jan 31, 2012) .................................................. 6

*Dama S.P.A. v. Does,*
  No. 15-CV-4528 (VM), 2015 WL 10846737 (S.D.N.Y. June 15, 2015) .............................. 8

*Ehrenfeld v. Bin Mafouz*,
  No. 04 Civ. 9641(RCC), 2005 U.S. Dist. Lexis 4741 (S.D.N.Y. Mar. 23,
  2005) ................................................................................................................................ 9

*Ehrenfeld v. Salim a Bin Mahfouz*,
  No. 04 CIV. 9641 (RCC), 2005 WL 696769 (S.D.N.Y. Mar. 23, 2005)............................... 9

*In GLG Life Tech Corp. Sec. Litig.*,
  287 F.R.D. 262 (S.D.N.Y. 2012) ........................................................................................ 5

*Jian Zhang v. Baidu.com Inc.*,
  293 F.R.D. 508 (S.D.N.Y. 2013) .................................................................................... 5, 6

*KPN B.V. v. Corcyra D.O.O.*,
  2009 U.S. Dist. LEXIS 20906 (S.D.N.Y. Mar. 16, 2009) .................................................... 10

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
  265 F.R.D. 106 (S.D.N.Y. 2010). ................................................................................... 5, 6, 7

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) ........................................................................................................... 7

*NYKCool A.B. v. Pac. Int'l Servs., Inc.*,
  66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) ........................................................................... 8

*Philip Morris USA Inc. v. Veles Ltd.*,
  No. 06 CV 2988 GBD, 2007 WL 725412 (S.D.N.Y. Mar. 12, 2007). ............................... 7, 9

*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir.2002) ........................................................................................... 5

*RSM Prod. Corp. v. Fridman*,
  No. 06-cv-11512 (DLC), 2007 WL 1515068 (S.D.N.Y. May 24, 2007) .............................. 6

*S.E.C. v. China Intelligent Lighting & Elecs., Inc.*,
  No. 13-cv-05079 (JMF), 2014 WL 338817 (S.D.N.Y. Jan. 30, 2014). ............................... 8

*St. Francis Assisi v. Kuwait Fin. House*,
  No. 3:16-cv-3240 (LB), 2016 U.S. Dist. LEXIS 136152 (N.D. Cal. Sep. 30,
  2016) ................................................................................................................................ 7

*Sulzer Mixpac AG v. Medenstar Indus. Co.*,
  312 F.R.D. 329 (S.D.N.Y. 2015) ................................................................................. 6, 8, 9

*U.S. v. Lebanese Canadian Bank SAL*,
   285 F.R.D. 262 (S.D.N.Y. 2012) ........................................................... 6

*UBS Fin. Servs. v. Berger*,
   No. 13-cv-03770 (LB), 2014 U.S. Dist. LEXIS 193761 (N.D. Cal. Apr. 24,
   2014) ..................................................................................................... 10

*United States v. Lebanese Canadian Bank SAL*,
   285 F.R.D. 262 (S.D.N.Y. 2012) ........................................................... 6

*Wash. State Inv. Bd. v. Odebrecht S.A.*,
   2018 U.S. Dist. LEXIS 163356 (S.D.N.Y. Sep. 21, 2018) ................... 10

## **Rules**

Fed. R. Civ. P. 4(f)(3) ............................................................................... 1, 4

Fed. R. Civ. P. 4(h)(2) .................................................................................. 5

## INTRODUCTION

Lead Plaintiff Donald Berdeaux ("Berdeaux") and Plaintiff Christine Grablis ("Grablis" and together with Berdeaux, "Plaintiffs") respectfully submit this memorandum of law in support of their motion pursuant to FED. R. CIV. P. ("Rule") 4(f)(3) for an order granting Plaintiffs leave to effectuate service of the First Amended Complaint [ECF No. 40] ("FAC") and Summons in this matter upon defendants OneCoin Ltd. (Dubai) ("OneCoin"), Ruja Ignatova ("Ignatova"), Sebastian Greenwood ("Greenwood"), and Irina Andreeva Dilinska ("Dilinska") (collectively, the "Unserved Defendants") via Federal Express and email.

With respect to defendant OneCoin, its office is believed to be located at Unit 3102, 31st Floor, Platinum Towers - Cluster I, Jumeirah Lakes Towers Dubai, United Arab Emirates. Given that the United Arab Emirates is not a signatory to an international agreement on service of process with the United States, Plaintiffs seek an order pursuant to Rule 4(f)(3) to ensure that their proposed methods of service are deemed appropriate and service is properly accomplished. Plaintiffs propose service on defendant OneCoin via both Federal Express to OneCoin's Dubai office, email to press@onecoin.eu and office@onecoin.eu, and through social media.

As detailed herein, Plaintiffs have been unable to locate any addresses where service could ultimately be effectuated on defendants Ignatova, Greenwood, or Dilinska by traditional means under Rule 4(f)(1) and (2). Indeed, at least some of these Defendants appear to be fugitives from justice at this point.[1] Each of these individual defendants are, or until recently were, high-level executives employed by defendant OneCoin and are believed to be located in Europe; however, their exact whereabouts remain unknown. Accordingly, so as not to delay the prosecution of the

---

[1] *See., e.g., Mystery of the Missing Cryptoqueen Ruja Ignatova,* https://www.bbc.com/news/technology-49826161.

Action, Plaintiffs propose service on defendants Ignatova, Greenwood and Dilinska via Federal Express to OneCoin's Dubai office and email to each of their last known email addresses.

## RELEVANT PROCEDURAL HISTORY

The action arises out of defendants' participation in a Ponzi/Pyramid multi-level marketing fraudulent scheme. The primary goal of the scheme was to enrich defendants at the direct expense of Plaintiffs and the proposed class. On May 7, 2019, Grablis commenced the above-captioned action ("Action"), on behalf of herself and other similarly situated against defendants OneCoin, Ignatova, Konstantin Ignatov ("Ignatov"), Greenwood, and Mark Scott ("Scott"). On June 4, 2019, defendant Scott was served with a summons and copy of the initial complaint. [ECF No. 15]. On July 3, 2019, defendant Ignatov was served with a summons and copy of the initial complaint. [ECF No. 36].

On July 24, 2019, the Court appointed Berdeaux as Lead Plaintiff pursuant to the Private Litigation Securities Reform Act and ordered Berdeaux to file an amended complaint no later than August 2, 2019. [ECF No. 39]. On August 2, 2019, Plaintiffs filed the FAC. [ECF No. 40]. The FAC alleges claims against three newly named defendants: Dilinska, Nicole J. Huesmann ("Huesmann"), and David Pike ("Pike").

On August 23, 2019, the Court issued an order staying all proceedings in this Action until all defendants have been served. [ECF No. 46]. On September 9, 2019, defendants Pike and Huesmann were each served with summonses and copies of the FAC. [ECF Nos. 56–57].

## ARGUMENT

### I.   PLAINTIFFS' PROPOSED METHODS OF ALTERNATIVE SERVICE

Due diligence has been fruitless in attempting to determine any address at which defendants Ignatova, Greenwood or Dilinska could be served with process. When a court is faced with such

a situation, the Federal Rules of Civil Procedure allow such court to approve reasonable alternatives to the costly, time consuming, and possibly fruitless procedure of attempting service outside the country where such alternatives are not prohibited by an international agreement. Consequently, to expedite this litigation, reduce the costs associated with it, and ensure that the Unserved Defendants cannot escape liability, Plaintiffs now turn to the Court for relief and respectfully request leave to serve the Unserved Defendants via the following proposed alternative methods:

1.      Mailing of the Summons and FAC via Federal Express mail to:

- OneCoin Ltd.
  Unit 3102, 31st Floor,
  Platinum Towers - Cluster I, Jumeirah Lakes Towers
  Dubai, United Arab Emirates

- Ruja Ignatova
  c/o OneCoin Ltd.
  Unit 3102, 31st Floor,
  Platinum Towers - Cluster I, Jumeirah Lakes Towers
  Dubai, United Arab Emirates

- Sebastian Greenwood
  c/o OneCoin Ltd.
  Unit 3102, 31st Floor,
  Platinum Towers - Cluster I, Jumeirah Lakes Towers
  Dubai, United Arab Emirates

- Irina Dilinska
  c/o OneCoin Ltd.
  Unit 3102, 31st Floor,
  Platinum Towers - Cluster I, Jumeirah Lakes Towers
  Dubai, United Arab Emirates

2.      E-mailing the Summons and FAC, return receipt requested to:

- OneCoin at:

  o   press@onecoin.eu; and

  o   office@onecoin.eu;

3

- Ruja Ignatova at:

    o   ruja@onecoin.eu;

- Sebastian Greenwood at:

    o   sebgreenwood@gmail.com; and

    o   sgreenwood@loopium.com; and

- Irina Dilinska at:

    o   irina@onecoin.eu.

3.      Transmission of the Summons and FAC through the Internet to:

- Ruja Ignatova at:

    o   https://www.facebook.com/onecoincompany/; and

    o   https://bg.linkedin.com/in/ruja-ignatova-83929a161; and

- Sebastian Greenwood at:

    o   https://www.linkedin.com/in/thesebastiangreenwood; and

    o   https://www.facebook.com/sebastiangreenwood.onecoin/.

In order to meet the constitutional requirements of due process, any method of service must be reasonably calculated.  However, in an effort to ensure compliance with Federal Rule of Civil Procedure 4, Plaintiffs submit that alternative service via mailing the representative office and e-mail service is sufficient to satisfy due process by apprising the Unserved Defendants of the Action and giving them the opportunity to answer Plaintiffs' allegations.

## II.      THE PROPOSED METHODS OF SERVICE ARE REASONABLY CALCULATED TO PROVIDE THE UNSERVED DEFENDANTS WITH NOTICE OF THIS ACTION

Rule 4(f)(3) permits service of process may be effectuated "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *Madu, Edozie & Madu, P.C. v. SocketWorks*

*Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010).   Additionally, pursuant to Rule 4(h)(2), service may be effectuated on a corporation not within any judicial district of the United States, "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(c)(i) " Fed. R. Civ. P. 4(h)(2).   "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text . . . ." *Jian Zhang v. Baidu.com Inc*., 293 F.R.D. 508, 511 (S.D.N.Y. 2013) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15 (9th Cir.2002)).

Here, United Arab Emirates, where OneCoin is incorporated, is not a party to the Hague Service Convention referenced in Rule 4(f)(1).   As for the remaining Unserved Defendants, their present addresses are currently unknown, and the Hague Service Convention only applies in cases where the address of a defendant to be served is known.   *See* Hague Service Convention, art. I, Nov. 15, 1965, 20 U.S.T. 361 ("This Convention shall not apply where the address of the person to be served with the document is not known").   Additionally, Plaintiff is unaware of any other international agreement which would prohibit service via e-mail.   Therefore, the Court here may approve the proposed alternative means of service as it is not prohibited by an international agreement and, as described herein, it comports with due process.

"[N]othing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)." *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012)  (citation omitted). Here, Plaintiffs seek to serve the defendants under subsection 4(f)(3), which is "neither a last resort nor extraordinary relief. It is merely one means among several which enable service of process on international defendant."

*U.S. v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 265-66 (S.D.N.Y. 2012) (*quoting Advanced Aerofoil Techs., AG v. Todaro*, No. 11-cv-9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan 31, 2012)).  Since Plaintiffs' requested method of service is not prohibited by any international agreement, "[t]he decision of whether to order service of process under Rule 4(f)(3) is 'committed to the sound discretion of the district court.'"  *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 266 (S.D.N.Y. 2012) (quoting *Madu, Edozie & Madu, P.C.*, 265 F.R.D. at 115); *accord Jian Zhang*, 293 F.R.D. at 512; *see also RSM Prod. Corp. v. Fridman*, No. 06-cv-11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) (same).

First, mailing to OneCoin's address in Dubai appears to be the most likely means to provide them with actual hard copies of the relevant documents.  While OneCoin has historically claimed to operate out of Sofia, Bulgaria, in January 2018, it was widely reported that the company's Sofia offices were raided by Bulgarian law enforcement and its servers located in Bulgaria were shut down.[2]  Because OneCoin is still incorporated in United Arab Emirates and maintains its registered office in Dubai, service upon this address is the most direct and likely route to provide the company with notice and copies of relevant filings in this Action.

Beyond service of hard copies upon OneCoin's physical offices, service through e-mail is particularly appropriate here because the defendants engaged in online business and regularly communicated about business through functional e-mail addresses.  *See Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (service through e-mail is appropriate because "e-mail address in question is listed prominently on [defendant's] Internet homepage . . . [the defendant] presumably relies at least partially on contact through [its e-mail] to conduct

---

[2]     *See, e.g., OneCoin Offices Raided in Sofia Servers Shut Down*, https://news.bitcoin.com/onecoin-offices-raided-in-sofia-servers-shut-down/.

overseas business, and it is reasonable to expect [defendant] to learn of the suit against it through this e-mail address."); *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process via e-mail on defendants who "conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via e-mail").

Similarly, service through social media is likely to place the Unserved Defendants on actual notice of the claims in this litigation. Specifically, Plaintiffs seek to serve defendants Ignatova and Greenwood through a direct message to each of their personal LinkedIn and Facebook accounts which will notify each of this Action and provide a hyperlink to the Summons and FAC. *See St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-cv-3240 (LB), 2016 U.S. Dist. LEXIS 136152, at *4 (N.D. Cal. Sep. 30, 2016) (discussing decision to grant "service by email, Facebook, and LinkedIn because notice through these accounts was reasonably calculated to notify the defendant of the pendency of the action and was not prohibited by international agreement").

## III.    THE PROPOSED METHODS OF SERVICE COMPORT WITH DUE PROCESS

The methods of service must also comport with due process. *See Madu, Edozie & Madu, P.C.*, 265 F.R.D. at 115. In order to meet the constitutional requirement of due process, any method of service crafted by the district court must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

First, as noted above, mailing the relevant documents to OneCoin's physical addresses is likely to place them on actual notice of the claims in this litigation, and thus satisfies due process

requirements.  *See S.E.C. v. China Intelligent Lighting & Elecs., Inc.*, No. 13-cv-05079 (JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 30, 2014).

Second, while e-mail communications may also go astray or fail to come to the relevant individuals' attention, service to the e-mail address listed on defendant's website is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Sulzer Mixpac AG*, 312 F.R.D. at 332 (quoting *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014), adhered to on reconsideration, No. 12-CV-5754 LAK, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015)). "E-mail communications may be more reliable than long-distance postal communications, and the arrival of an e-mail at its destination address may be more readily tracked." *Sulzer Mixpac AG*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015).

Because e-mail appears to be the primary method of communication that Defendants have utilized (and, thus, clearly prefer), e-mail is reasonably calculated to apprise defendants of the action.  *See Dama S.P.A. v. Does,* No. 15-CV-4528 (VM), 2015 WL 10846737, at *2 (S.D.N.Y. June 15, 2015) ("several recent Southern District of New York cases have authorized e-mail service where a defendant was, as here, alleged to be an online China-based counterfeiting network linked to a functioning e-mail address but which otherwise remained anonymous.") (citations omitted).

There is direct evidence that Ignatova and Dilinska have used e-mail to carry out the operations of OneCoin.  In an e-mail sent on October 10, 2016 that was released in the parallel criminal action, ECF No. 91, Ignatova used the e-mail ruja@onecoin.eu to "berate" Konstantin Ignatov for maintaining a disorganized filing cabinet and for OneCoin's purchase of cheap blue and red pens.  *See* October 10, 2016 E-mail of Ruja Ignatova to Konstantin Ignatov; *see also*

*Sulzer Mixpac AG*, 312 F.R.D. at 332  (holding that service via e-mail was reasonably calculated to inform the defendant of the litigation because the defendant conducted some business over e-mail, and it was therefore likely that the defendant would read the e-mail serving the complaint).

Moreover, as stated in the FAC, Defendant Scott inadvertently forwarded an e-mail chain to "Apex that revealed Defendant Dilinska's e-mail address was hosted on the domain "onecoin.eu."" FAC ¶ 129.   Additionally, Greenwood has communicated with Ignatova concerning the business operations of the OneCoin via email.  *Id.* ¶ 74 ("The so called 'mining' of coins is a concept that is very familiar in the industry and a story we can sell to the members."). Hence, defendants Ignatova, Greenwood and Dilinska have clearly used their e-mails for business communications as opposed to mere requests for information.  *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005).

To be sure, e-mail service of process is not appropriate in every case, but other cases where the court has found that service by e-mail is not reasonably calculated are factually distinguishable. In *Ehrenfeld*, plaintiff provided no information that defendant would be likely to receive information transmitted via e-mail. *Ehrenfeld v. Bin Mafouz*, No. 04 Civ. 9641(RCC), 2005 U.S. Dist. Lexis 4741 (S.D.N.Y. Mar. 23, 2005).

Here, there is a high likelihood that defendants would receive and respond to e-mail communications. *See Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 GBD, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (finding a high likelihood that e-mail was reasonably calculated where defendants conducted business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via e-mail, and did do not disclose their physical addresses or location of incorporation).

9

Lastly, transmission of the relevant documents to these Defendants through social media messaging functions is likely to actually notify them of this litigation and the claims being pressed therein, and thus satisfies due process requirements. *See UBS Fin. Servs. v. Berger*, No. 13-cv-03770 (LB), 2014 U.S. Dist. LEXIS 193761, at *5 (N.D. Cal. Apr. 24, 2014) (recounting court's decision to authorize service via defendant's "gmail address and through LinkedIn's 'InMail' feature").

Finally, the Unserved Defendants likely have notice of the lawsuit as the lawsuit has been heavily reported in the press, including on Newswire, CoinDesk, and CCN Markets.  This reality should be taken into account in determining whether due process has been satisfied in service of process. *Wash. State Inv. Bd. v. Odebrecht S.A.*, 2018 U.S. Dist. LEXIS 163356, at *10 (S.D.N.Y. Sep. 21, 2018) ("As to due process, 'the basic inquiry as to the range of alternative means of service the Court may order . . . is whether the method is reasonably calculated, under all the circumstances, to give actual notice to the party whose interests are to be affected by the suit or proceeding, and to afford him an adequate opportunity to be heard.'") (*quoting KPN B.V. v. Corcyra D.O.O.*, 2009 U.S. Dist. LEXIS 20906, at *4 (S.D.N.Y. Mar. 16, 2009)).

<u>**CONCLUSION**</u>

For the reasons set forth above, Plaintiffs respectfully moves the Court to permit Plaintiffs to serve, in the manner described in the [Proposed] Order submitted herewith, the Unserved Defendants with Summonses and the FAC via Federal Express and electronic means.

Dated: October 1, 2019                 Respectfully Submitted

                                   LEVI & KORSINSKY, LLP
By: */s/ William J. Fields*
William J. Fields (5054952)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
E-mail: wfields@zlk.com

**LEVI & KORSINSKY, LLP**
Donald J. Enright (*pro hac vice* forthcoming)
John A. Carriel (*pro hac vice* forthcoming)
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Facsimile: (202) 333-2121
E-mail: denright@zlk.com
E-mail: jcarriel@zlk.com

**SILVER MILLER**
David C. Silver (*pro hac vice* forthcoming)
Jason S. Miller (*pro hac vice* forthcoming)
11780 W. Sample Road
Coral Springs, FL 33065
Tel: (954) 516-6000
E-mail: DSilver@SilverMillerLaw.com
E-Mail: JMiller@SilverMillerLaw.com
*Attorneys for Plaintiffs and Co-Lead Counsel for the Class*