```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
                                                    DOC #:_____
                                                    DATE FILED:  11/1/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
DONALD BERDEAUX and CHRISTINE                :
GRABLIS, Individually and on Behalf of All Others :
Similarly Situated,                          :
                                             :
                                             :    19-CV-4074 (VEC)
                       Plaintiff,            :
                                             :    ORDER
           -against-                         :
                                             :
ONECOIN LTD.; RUJA IGNATOVA,                 :
KONSTANTIN IGNATOV; SEBASTIAN                :
GREENWOOD; MARK SCOTT; IRINA                 :
ANDREEVA DILINSKA; DAVID PIKE; and           :
NICOLE J. HUESMANN,                          :
                                             :
                       Defendants.           :
------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

      In this putative class action, Plaintiffs have sued Defendant OneCoin Ltd. and various individuals for alleged fraud perpetrated through a cryptocurrency Ponzi scheme. Dkt. 40. On August 23, 2019, the Court stayed all proceedings until all Defendants have been served. Dkt. 46. Plaintiffs have now moved for alternative means of service pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3). Dkt. 59. Their motion is unopposed.

      As of the date of this Order, four of the Defendants in this action remain unserved. Not surprisingly, these are foreign Defendants whose whereabouts, according to Plaintiffs, are unknown: OneCoin Ltd., Ruja Ignatova, Sebastian Greenwood, Konstantin Igantov, and Irina Andreeva Dilinska. Because Plaintiffs have not shown that they have taken reasonable steps to attempt to serve these Defendants, the Court denies Plaintiffs' motion without prejudice.

      Under Rule 4(f)(3), service may be effected upon individuals in foreign countries by any means "not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

"The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (collecting cases). Before ordering alternative service under this rule, "district courts in this Circuit have generally required: (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 267 (S.D.N.Y. 2012) (collecting cases); *see also Stream SICAV*, 989 F. Supp. 2d at 278. Additionally, before ordering alternative service, courts must ensure that the means of service "comports with constitutional notions of due process." *Stream SICAV*, 989 F. Supp. 2d at 278 (quoting *SEC v. Anticevic*, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)).

Plaintiffs have not established a factual basis for their assertion that they have taken reasonable steps to find and serve the unserved Defendants. Their motion therefore does not meet the first requirement of district courts in this Circuit. Although Plaintiffs assert, *ipse dixit*, that "due diligence has been fruitless" in determining the unserved Defendants' current addresses, Plaintiffs' counsel has not submitted any declaration or other factual support describing their due diligence.

That factual deficit is reason enough to deny Plaintiffs' motion, but the Court is also skeptical that Plaintiffs' proposed alternative means of service would meet the requirements of due process. Plaintiffs' proposed means must be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In an effort to persuade the Court that their proposal meets that standard, Plaintiffs assert that the United Arab Emirates address is OneCoin's registered office, but do not

say as of when or offer any sort of proof to support that assertion.  Plaintiffs also do not show that the onecoin.eu email that Plaintiffs propose to use for service are in fact functional and currently in use.  This latter gap in Plaintiffs' motion is especially concerning because OneCoin's website, which matches the onecoin.eu email domains, appears to be non-functional.[1]  Perhaps OneCoin's website and email addresses were operational a year ago, but they no longer appear functional and active.  The Court therefore suggests that Plaintiffs address these concerns in any renewed application for alternative service.

For the foregoing reasons, Plaintiffs' motion for alternative service is DENIED without prejudice.  The Clerk is respectfully directed to terminate the open motion at Dkt. 59.

**SO ORDERED.**

**Date:  November 1, 2019**
**New York, New York**

                      **VALERIE CAPRONI**
                      **United States District Judge**

---

[1] The Court recognizes that its concern with these email addresses does not apply to Defendant Greenwood, for whom Plaintiffs offer Gmail and Loopium email addresses.  But Plaintiffs must still show what reasonable efforts they have made to serve Defendant Greenwood, as discussed *supra*.  In addition, the Court is generally puzzled by Plaintiffs' need and proposed means with respect to Defendant Greenwood for alternative service because the Amended Complaint alleges that Greenwood has been "extradited to the United States, where he is awaiting trial on criminal charges."  Dkt. 40 ¶ 32.  Rule 4(f)(3) authorizes service of "an Individual in a Foreign Country" "at a place not within any judicial district of the United States."  If Plaintiffs are correct regarding Greenwood's extradition, Rule 4(f)(3) is not applicable to him.