USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

DONALD BERDEAUX and CHRISTINE GRABLIS, Individually and on Behalf of All Others Similarly Situated,

                Plaintiffs,

-against-

ONECOIN LTD.; RUJA IGNATOVA, KONSTANTIN IGNATOV; SEBASTIAN GREENWOOD; MARK SCOTT; IRINA ANDREEVA DILINSKA; DAVID PIKE; and NICOLE J. HUESMANN,

                Defendants.

------------------------------------------------------------------ X

19-CV-4074 (VEC)

MEMORANDUM OPINION
& ORDER

VALERIE CAPRONI, United States District Judge:

This Order addresses Plaintiffs' renewed motion for alternative means of service of Defendant OneCoin Ltd. ("OneCoin") and three individual Defendants and officers of OneCoin—Ruja Ignatova, Sebastian Greenwood, and Irina Andreeva Dilinska—whom Plaintiffs have sued in a putative class action for allegedly defrauding investors in a cryptocurrency Ponzi scheme. On August 23, 2019, this Court stayed proceedings until all Defendants have been served. Order (Dkt. 46). Plaintiffs moved for alternative means of service on October 1, 2019, pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3). Not. of Mot. (Dkt. 59). On November 1, 2019, the Court denied Plaintiffs' motion without prejudice. Order (Dkt. 66). The Court found that Plaintiffs had not met the requirements for alternative means of service—in particular, Plaintiffs had not (1) provided factual support that they had taken reasonable steps to attempt to serve the unserved Defendants, or (2) shown that the proposed means of service would

meet the requirements of due process. *Id.* at 2–3. Plaintiffs have now renewed their motion under Rules 4(f)(3) and 4(e)(1). Not. of Mot. (Dkt. 71). The motion is GRANTED in part.

Under Rule 4(f)(3), service may be effected upon individuals in foreign countries by any means "not prohibited by international agreement, as the court orders," Fed. R. Civ. P. 4(f)(3), and "[t]he decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court," *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (quotation omitted).

Under Rule 4(e)(1), service may be effected upon an individual within a judicial district of the United States "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Plaintiffs rely upon the catchall provision of New York law, which authorizes service "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of [C.P.L.R. 308]." N.Y. C.P.L.R. 308(5).

Before authorizing alternative service, courts must also ensure that the means of service "comports with constitutional notions of due process." *Stream SICAV*, 989 F. Supp. 2d at 278 (quoting *SEC v. Anticevic*, No. 05-CV-6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009)). As such, those methods must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Plaintiffs have submitted adequate factual support showing that they have made a diligent search to find and serve the unserved Defendants, thus curing the first defect the Court identified in its previous order. *See* Carriel Decl. (Dkt. 73) ¶ 3. The Court also notes that Rule 4(f)(3) is applicable to OneCoin: OneCoin is located in the United Arab Emirates ("UAE"), and the UAE

is not a signatory to the Hague Convention. *See Payne v. McGettigan's Mgmt. Servs. LLC*, No. 19-CV-1517, 2019 WL 6647804, at *1 (S.D.N.Y. Nov. 19, 2019). Rule 4(f)(3) is also applicable to Ignatova, Dilinska, and Greenwood, whose addresses are unknown. *See Prediction Co. LLC v. Rajgarhia*, No. 09-CV-7459, 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010). The Court is only persuaded, however, that Plaintiffs' proposed service methods as to OneCoin and Ignatova meet the requirements of due process.

Plaintiffs have submitted adequate factual support that OneCoin has a registered office and headquarters in Dubai. *See* Pls.' Mem. of Law (Dkt. 72) at 9–10, 9 nn.4–6. Moreover, in spite of the fact that OneCoin's website is no longer operational as of November 30, 2019, *see id.* at 11, Plaintiffs have also shown that OneCoin has various "related entities" promoting its brand and product. OneLife, OneWorld, and OneAcademy have websites that are operational, reference OneCoin, and that show ties to the Dubai office, *see id.* at 10 n.8, 12. In general, "service of process on a subsidiary does not constitute valid service on the parent merely by virtue of the parent-subsidiary relationship." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 444 (S.D.N.Y. 2017). But if "the subsidiary corporation is acting as an agent for the parent corporation's separate business [or] the two corporations are not really separate entities," then service would be proper. 4A Wright and Miller, Fed. Prac. & Proc. § 1104 (4th ed.). Emailing OneCoin's related entities alone would likely be deficient—Plaintiffs have provided just a thread of evidence of their connection to OneCoin—but combined with Plaintiffs' other proposed methods, the Court is satisfied that Plaintiffs' proposal is reasonably calculated to apprise interested parties of the pendency of the litigation and to afford them an opportunity to appear to contest the matter. The Court thus authorizes service of OneCoin by (a) United States International Registered First Class Mail to its Dubai office, (b) email to its

onecoin.eu addresses and the addresses of the three related entities, and (c) message to its and related entities' social media accounts.

The most recent evidence Plaintiffs have submitted shows that Ignatova used a onecoin.eu email account in October 2016.  *See* Pls.' Mem. of Law at 17 & n.19.  In addition to the fact that was over three years ago, because the onecoin.eu website is no longer operational, the Court is skeptical that the associated email address continues to be operational.  The fact that OneCoin still owns the domain name, as Plaintiffs point out, does not persuade the Court otherwise.  Many entities and individuals own domain names that have no operational servers behind them.  Plaintiffs also propose messaging Ignatova's social media accounts, but they offer no proof that those accounts are real.  The link Plaintiffs provide to Ignatova's LinkedIn profile yields a page that is "not available."  Plaintiffs also represent that Ignatova is a fugitive from justice.  *See id.* at 12.  If true, that would suggest Ignatova is not active on social media; indeed, the public posts on her Facebook page appear to have been posted by the OneCoin marketing team.  Nonetheless, the Court will authorize service of Ignatova by (a) United States International Registered First Class Mail to the Dubai headquarters with directions that the materials be forwarded to her, (b) message to her social media accounts, and (c) email to her onecoin.eu address, with the added requirement that Plaintiffs must notify the Court, in writing, whether the email bounced, *i.e.*, whether Plaintiffs received an automated return message that the email could not be delivered.  *See, e.g.*, *Prediction*, 2010 WL 1050307, at *2 (authorizing service upon a foreign defendant by certified mail to the defendant's attorney to be forwarded to the defendant and to the defendant's previously used email address).

As for Dilinska, Plaintiffs attempt to prove that she has used a onecoin.eu email account, but cite only to their own allegations in the First Amended Complaint as evidence of that use.

*See* Pls.' Mem. of Law at 17. The Court is not obligated, as on a motion to dismiss, to take Plaintiffs allegations as true. Plaintiffs need to present evidence. Thus, the Court does not authorize the same alternative means of service for Dilinska (whom Plaintiffs represent is also a fugitive from justice, *see id.* at 12) as it does for Ignatova, unless Plaintiffs can provide evidence that Dilinska has used the onecoin.eu account.

Plaintiffs' evidence regarding Greenwood also falls short. Plaintiffs offer no evidence that the proposed email addresses for Greenwood belong to him, again relying solely on their own complaint's allegations. *See id.* at 17. Nor do Plaintiffs offer any evidence that messaging the proposed social media accounts is likely to reach Greenwood. Plaintiffs believe that Greenwood has been extradited to the United States and is in the custody of the U.S. Department of Justice ("DOJ").[1] *See id.* at 13. The Facebook page Plaintiffs provide yields a "page isn't available" error. And even though the LinkedIn profile Plaintiffs provide is still accessible, Greenwood is not likely to be checking his LinkedIn inbox if he is in custody. Even if (wherever he is) he can access his LinkedIn account, the last activity his profile page shows is from at least three years ago, suggesting he has abandoned his account. Plaintiffs' proposal to submit the Summons and Amended Complaint to the prosecutor's office of the related criminal proceedings in *United States v. Scott*, 17-CR-630 (S.D.N.Y.), and *United States v. Pike*, 19-MJ-8240

---

[1] Plaintiffs do not represent that they have sought or obtained confirmation from DOJ that it has custody of Greenwood. Plaintiffs speculate that Greenwood's disappearance after his reported arrest in Thailand suggests that he is cooperating with the United States. Pls.' Mem. of Law at 13 & n.17. If Plaintiffs are correct, and if Greenwood waived extradition as part of his cooperation, he *may* well be immune to service of process until after the completion of his criminal case, which could further depend on whether he waived extradition or it was ordered without his consent. *See Estate of Ungar v. Palestinian Auth.*, 396 F. Supp. 2d 376, 380–82 (S.D.N.Y. 2005) (discussing whether the "principle of specialty" immunizes extradited persons from service of process); *Cabiri v. Assasie-Gyimah*, 921 F. Supp. 1189, 1193 (S.D.N.Y. 1996) ("It is well established that witnesses, parties and attorneys coming from another jurisdiction are exempt from service of civil process while in attendance upon court, and during a reasonable time in coming and going." (citing *Stewart v. Ramsay*, 242 U.S. 128, 129 (1916) and *Lamb v. Schmitt*, 285 U.S. 222, 225 (1932)); *see also* Wright & Miller § 1076 ("The question of immunity from service of process, although not expressly dealt with in the Federal Rules of Civil Procedure, is viewed as a procedural matter that is controlled by federal precedents rather than by state law.").

(S.D.N.Y.), might be sufficient to effect constitutionally-sound service vis-à-vis Rule 4(e)(1) and C.P.L.R. 308(5), but Plaintiffs must first confirm that DOJ is willing to assist. *See, e.g.*, *In re Terrorist Attack on Sept. 11, 2001*, 2004 WL 1348996, at *1–2 (S.D.N.Y. June 14, 2004) (authorizing service where "the Attorney General [agreed to] deliver copies of the Summons and Complaint to those individuals" it was willing to disclose were in its custody).

For the foregoing reasons, Plaintiffs' motion for alternative service is GRANTED in part. Plaintiffs may effect service upon Defendants OneCoin and Ignatova using the means proposed in Plaintiffs' motion papers. Plaintiffs must notify the Court in writing whether they received a sender-return error for Ignatova. Service of Ignatova will not be considered proper unless no such error is received. Similarly, if International Registered Mail allows tracking of the package, Plaintiffs must post proof of delivery to ECF once it has been effected.

Plaintiffs' motion for leave to use alternative means of service against Dilinska and Greenwood is DENIED without prejudice.

The Clerk is respectfully directed to terminate the open motion at Dkt. 71.

**SO ORDERED.**

**Date: January 24, 2020**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**