
## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD BERDEAUX and CHRISTINE GRABLIS, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>v.<br><br>ONECOIN LTD.; RUJA IGNATOVA, KONSTANTIN IGNATOV, SEBASTIAN GREENWOOD, MARK SCOTT, IRINA ANDREEVA DILINSKA, DAVID PIKE, and NICHOLE J. HUESMANN,<br><br>                   Defendants. | Case No.: 1:19-cv-04074-VEC<br><br>Hon. Valerie E. Caproni<br><br>**DECLARATION OF ADAM M. APTON IN SUPPORT OF PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE AND MOTION TO LIFT STAY** |

I, Adam M. Apton, hereby declare as follows:

1.  I am a partner with the Law Firm of Levi & Korsinsky, LLP, Lead Counsel for Lead Plaintiff Donald Berdeaux and Plaintiff Christine Grablis (together, "Plaintiffs") in the above captioned Action (the "Action"). I am a member of the New York Bar and have appeared in this matter. [ECF No. 77]. This declaration is based on my own personal knowledge, the facts contained in relevant documents as noted below, and Levi & Korsinsky's records of the matters stated herein. If called upon, I could and would competently testify thereto.

2.  I respectfully submit this declaration in support of Plaintiffs' Response to this Court's Order to Show Cause, entered on April 10, 2020, which directed Plaintiffs to show cause as to why this Action should not be dismissed with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). [ECF No. 91] (the "Order to Show Cause"), and in support of Plaintiffs' letter motion requesting the reopening of this Action and the scheduling of a conference of the parties with the Court.

3.      On August 2, 2019, Plaintiffs filed their Amended Complaint asserting claims against Sebastian Greenwood ("Greenwood"), Konstantin Ignatov ("Ignatov"), Ruja Ignatova ("Ignatova"), OneCoin Ltd. ("OneCoin"), Irina Adreeva Dilinska ("Dilinska"), Mark S. Scott ("Scott"), David Pike ("Pike"), and Nicole Huesmann ("Huesmann," and together with the parties named within this paragraph, "Defendants") for violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5(a)-(c) promulgated thereunder, Section 20(a) of the Exchange Act, Fraud, Aiding and Abetting Fraud, Fraudulent Misrepresentation, Negligent Misrepresentation, Breach of Contract, Unjust Enrichment, Conversion, and Civil Conspiracy. [ECF No. 40].

4.      On August 8, 2019, counsel for Defendant Scott filed a Letter Motion to request a conference in advance of their contemplated motion for a stay of the Action during the pendency of Scott's criminal trial in the Southern District of New York, *United States v. Scott, et al.*, 17 CR 630 (ER) (the "Criminal Trial"). [ECF No. 41].

5.      On August 9, 2019, this Court ordered Plaintiff to respond to Scott's Letter Motion by August 14, 2019. [ECF No. 42].

6.      On August 13, 2019, counsel for Defendant Ignatov filed a Letter Motion joining Defendant Scott's Letter Motion. [ECF No. 43].

7.      On August 14, 2019, Plaintiffs filed their Letter Response to Scott's Letter Motion, asserting that Defendants had not met their burden for establishing the need for a stay, and that Defendants would not be prejudiced should this Action continue uninterrupted. [ECF No. 44].

8.      On August 15, 2019, this Court ordered counsel for all parties to appear for a conference regarding Defendant Scott's request for a stay on August 23, 2019. [ECF No. 45].

9. On August 23, 2019, following the scheduled conference with the parties to this Action, this Court entered an Order (the "August 2019 Stay Order") directing as follows:

> (i) "[N]o later than 5:00 P.M. on August 23, 2019, Lead Plaintiff must file a letter stating the status of service on Defendants OneCoin Ltd., Ruja Ignatova, and Sebastian Greenwood. If Plaintiff has served these Defendants, he must—by the same deadline—file on ECF proof of such service[;] and (ii) all proceedings in this case are STAYED until all Defendants (except those dismissed pursuant to the above paragraph) have been served. Once all Defendants have been served and Lead Plaintiff has posted proof of such service on ECF, Lead Plaintiff must so notify the Court by letter, which anticipates scheduling a conference to discuss next steps."

[ECF No. 46].

10. Also on August 23, 2019, this Court also ordered that "Starting on September 3, 2019, Lead Plaintiff must file a letter on the first business day of each month updating the Court on his efforts to effect service on all Defendants who have not been served. Lead Counsel is warned against missing these deadlines and must be diligent in effecting service" (the "August 2019 Status Report Order"). [ECF No. 49].

11. On August 26, 2019, Summonses were issued as to Defendants Dilinska, Huesmann, and Pike.

12. On September 3, 2019, in accordance with the August 2019 Status Report Order, Plaintiffs filed their first service update with the Court. The update detailed that, at that time, six Defendants remained unserved: OneCoin, Ignatova, Greenwood, Dilinska, Pike, and Huesmann, and detailed the planned methods in which service was to be effectuated.

13. On September 25, 2019, proof of service was filed with the Court as to Defendant Pike, who was successfully served on September 9, 2019. [ECF No. 56]. Similarly, proof of service was also filed on September 25, 2019 as to Defendant Huesmann, who was also successfully served on September 9, 2019. [ECF No. 57].

14. On October 1, 2019, Plaintiff filed a motion for alternative service as to the remaining unserved Defendants—Defendants OneCoin, Ignatova, Greenwood, and Dilinska. [ECF Nos. 59-61]. That same day, in accordance with the August 2019 Status Report Order, Plaintiffs filed their second service update with the Court, identifying the unserved Defendants and discussing Plaintiffs' filing of their motion for alternative service. [ECF No. 62].

15. On November 1, 2019, in accordance with the August 2019 Status Report Order, Plaintiffs filed their third update to the Court, apprising the Court of the facts that Defendants Greenwood, Dilinska, Ignatova, and OneCoin remained unserved, and that a motion to effect alternative service upon them was pending. [ECF No. 65]. Later that same day, this Court denied Plaintiffs' motion for alternative service without prejudice, citing due process concerns and concerns as to whether Plaintiffs had taken sufficient steps to find and serve the unserved Defendants. [ECF No. 66].

16. On Thursday, November 21, 2019, the Criminal Trial rendered a verdict resulting in the conviction of Defendant Scott. Defendant Scott's concerns regarding the need for a stay in this Action were thus mooted.

17. On December 2, 2019, in accordance with the August 2019 Status Report Order, Plaintiffs filed their fourth update letter with the Court regarding service upon Defendants. In that update, Plaintiffs advised the Court of the conviction of Defendant Scott. Furthermore, in their December 2 update, Plaintiffs advised the Court of their intention to file a renewed motion for alternative service. [ECF No. 70]. The next day, on December 3, 2019, Plaintiff filed their renewed motion for alternative service as to unserved Defendants OneCoin, Greenwood, Dilinska, and Ignatova. [ECF Nos. 71-75].

18.     On January 2, 2020, in accordance with the August 2019 Status Report Order, Plaintiffs filed their fifth update letter with the Court regarding service upon Defendants. That update advised the Court that Defendants Greenwood, Dilinska, Ignatova, and OneCoin remained unserved and that a renewed motion to effect alternative service upon them was pending.

19.     On January 24, 2020, this Court granted Plaintiffs' renewed motion for alternative service in part, permitting alternative service upon Defendants OneCoin and Ignatova using mail, email, and messages to social media accounts featuring a hyperlink to a DropBox containing the summons, Amended Complaint, and the Court's order permitting alternative service (the "Alternative Service Order"). [ECF No. 78].

20.     On February 3, 2020, in accordance with the August 2019 Status Report Order, Plaintiffs filed their sixth update with the Court regarding service upon the Defendants. This update detailed that service was successfully completed as to Defendants OneCoin and Ignatova. The update also specified that service had not yet been completed as to Defendant Greenwood, as Plaintiffs could not confirm that the DOJ would be willing to assist in effectuating service upon Greenwood. As to Defendant Dilinska, Plaintiffs advised the Court that, per the Court's Order on Plaintiffs' renewed motion for alternative service, Plaintiffs were still attempting to obtain proof that the email to be used to effect service was indeed used by Defendant Dilinska. [ECF No. 88].

21.     On February 28, 2020, after determining that service upon Defendants Greenwood and Dilinska would either be impracticable or impossible, Plaintiffs voluntarily dismissed Defendants Greenwood and Dilinska without prejudice. [ECF Nos. 89-90]. At this point, all remaining Defendants had been served.

22.     Attached as **Exhibit A** to this Declaration is a true and correct copy of the Order to Show Cause.

23. Attached as **Exhibit B** to this Declaration is a true and correct copy of the August 2019 Status Report Order. [ECF No. 49].

24. Attached as **Exhibit C** to this Declaration is a true and correct copy of Plaintiffs' February 3, 2020 Certificate of Service attesting that Defendants OneCoin and Ignatova had been served. [ECF No. 88].

25. Attached as **Exhibit D** to this Declaration is a true and correct copy of the Alternative Service Order. [ECF No. 78].

26. Attached as **Exhibit E** to this Declaration is a true and correct copy of Plaintiffs' February 3, 2020 status update letter to this Court, apprising the Court of the status of service as to the Defendants. [ECF No. 88].

27. Attached as **Exhibit F** to this Declaration is a true and correct copy of Plaintiffs' December 3, 2019 Renewed Motion for Alternative Service. [ECF No. 71].

28. Attached as **Exhibit G** to this Declaration is a true and correct copy of Plaintiffs' February 28, 2020 dismissal as to Defendants Greenwood and Dilinska. [ECF No. 90].

29. Attached as **Exhibit H** to this Declaration is a true and correct copy of the August 2019 Stay Order. [ECF No. 46].

30. Attached as **Exhibit I** to this Declaration is Defendants' Letter dated August 8, 2019 requesting a stay in this Action. [ECF No. 41]

I hereby affirm and attest, under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct this 16th day of April, 2020.

/s/ *Adam M. Apton*
Adam M. Apton