# MINTZ & GOLD LLP
ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

STEVEN W. GOLD
STEVEN G. MINTZ*
ALAN KATZ
JEFFREY D. POLLACK*
ELLIOT G. SAGOR
IRA LEE SORKIN
LON JACOBS
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. MCCORMICK
ROBERT B. LACHENAUER
ROGER L. STAVIS
CHARLES A. ROSS**
KEVIN W. GOERING
RICHARD M. BRESLOW
KEVIN M. BROWN
ALEXANDER H. GARDNER
HEATH LORING
PETER GUIRGUIS
TIMOTHY H. WOLF**
ANDREW R. GOTTESMAN
RYAN W. LAWLER*
ADAM K. BRODY
MARIA EVA GARCIA*
GABRIEL ALTMAN
ANDREW E. STECKLER
ALEX J. OTCHY*
CECE M. COLE

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN FLORIDA

*SENIOR COUNSEL*
JACK A. HORN
NOREEN E. COSGROVE
MATTHEW S. SEMINARA
TIMOTHY J. QUILL, JR.
JULIA B. MILNE

*OF COUNSEL*
HONORABLE VITO J. TITONE *(dec.)*
  (NY State Court of Appeals 1985-1998)
HARVEY J. HOROWITZ *(dec.)*
HONORABLE HOWARD MILLER
  (NY Appellate Div. 1999-2010 [ret.])
AMIT SONDHI*
ERIC M. KUTNER
NEAL M. GOLDMAN
ANDREW P. NAPOLITANO⁺

⁺ADMITTED TO PRACTICE ONLY BEFORE ALL
  COURTS IN NEW JERSEY AND ALL FEDERAL COURTS
  IN NEW YORK CITY

April 19, 2020

**Via ECF**

The Honorable Valerie E. Caproni
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

          Re:    *Grablis v. OneCoin Ltd. et. al.,* No. 1:19-cv-4074 (VEC)

Dear Judge Caproni:

      We represent defendant Mark Scott in the above-captioned action. We write to address several recent filings by Lead Plaintiff in this matter (ECF Nos. 92-95) ("Lead Plaintiff's Motion"). Among other things, Lead Plaintiff seeks an order lifting the stay currently in place in this action. But, under a series of orders already in place in this action, whether that stay should be lifted was to be one of the issues discussed at an already-contemplated conference with the parties. As

MINTZ & GOLD LLP
ATTORNEYS AT LAW

The Hon. Valerie E. Caproni
Page 2

such, we respectfully oppose lifting the stay prior to that conference. We further intend to argue, at that conference, that the stay should remain in place until the criminal proceeding against Mr. Scott is resolved. Finally, we respectfully submit that Lead Plaintiff's repeated disregard for this Court's orders warrants sanctions up to, and including, dismissal under Fed. R. Civ P. 41(b).

As the Court will recall, in a letter motion dated August 8, 2019 (ECF No. 41), Mr. Scott requested that the Court stay this action pending resolution of the criminal proceeding against him, noting, among other things, his 5th Amendment rights against compelled, testimonial self-incrimination. In doing so, Mr. Scott noted that, at the time, several defendants who were the principals behind the alleged OneCoin Ponzi Scheme—as that scheme is described in Plaintiffs' operative pleading—remained unserved. Plaintiffs opposed Mr. Scott's motion (ECF No. 44). Following a conference on Mr. Scott's request (ECF No. 45), the Court entered orders (ECF Nos. 46, 49) (the "August 2019 Orders"): (i) staying the action; (ii) directing Plaintiffs to provide the Court with monthly updates on the status of service on the unserved defendants; and (iii) directing Lead Plaintiff, "[o]nce all Defendants have been served and Lead Plaintiff has posted proof of such service on ECF, [to] notify the Court by letter, which anticipates scheduling a conference to discuss next steps." Presumably, at that conference, Mr. Scott would have been afforded an opportunity to renew his request for a stay of this action, pending resolution of his still-active criminal proceeding.

On April 10, 2020, after Lead Plaintiff had neither posted monthly updates on efforts to serve defendants in March or April, nor submitted a letter requesting a conference to discuss next steps, this Court ordered Lead Plaintiff to show cause why this matter should not be dismissed for failure to prosecute under Fed R. Civ. P. 41(b) (ECF No. 91) (the "Show Cause Order"). In the Show Cause Order, the Court admonished Lead Plaintiff, stating that "Lead Plaintiff is sternly warned that failing to comply with the Court's orders going forward could result in sanctions."

In responding to the Show Cause Order, counsel for Lead Plaintiff essentially concedes misreading the August 2019 Orders (ECF No. 92). But then, remarkably, Lead Plaintiff fails to comply with those very same Orders once again. To comply, Lead Plaintiff only needed to either: (i) post the missing monthly updates; or (ii) request a conference "to discuss next steps." Instead, Lead Plaintiff affirmatively moved to lift the present stay before any conference, thus going beyond the scope of the August Orders and the Show Cause Order.

MINTZ & GOLD LLP
ATTORNEYS AT LAW

The Hon. Valerie E. Caproni
Page 3

Mr. Scott respectfully opposes lifting the present stay.[1] As noted above, at the conference contemplated by the August 2019 Orders, Mr. Scott intends to renew his request that this action remain stayed until Mr. Scott's criminal action is resolved. Mr. Scott is currently moving for an acquittal or, in the alternative, a new trial in that proceeding. *United States v. Scott*, No. 1:17-cr-00630-ER (ECF No. 217).[2]

Finally, we note that Lead Plaintiff's repeated failures to comply with this Court's Orders warrant sanctions—up to, and including dismissal under Fed. R. Civ. P. 41(b). In July 2019, the Court issued a similar Order to Show Cause (threatening dismissal under Rule 41(b)).[3] Thus, Lead Plaintiff has already been placed on notice by the Court that failure to comply with Court-ordered deadlines in pursuing this matter could result in dismissal, i.e., one of the five factors courts consider in deciding Rule 41(b) motions. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (listing the five factors courts consider on Rule 41(b) motions); *see also Hunter v. New York State Dept. of Correctional Servs.*, 515 Fed. App'x 40, 43 (2d Cir. 2013) (affirming dismissal under Rule 41(b) where *pro se* plaintiff received at least two notices that her action could be dismissed for failure to prosecute). Nonetheless, Lead Plaintiff

---

[1] To the extent Lead Plaintiff's Motion requests a conference to discuss next steps, Mr. Scott consents to that relief as proper under the August 2019 Orders.

[2] Lead Plaintiff contends that Mr. Scott's conviction moots his request for a stay. (ECF No. 93 at ¶ 16) But Mr. Scott retains his rights under the 5th Amendment through any appeal or new trial. *Mitchell v. United States*, 526 U.S. 314, 327 (1999); *United States v. Duchi*, 944 F.2d 391, 394 (8th Cir. 1991) (notinh that "the Fifth Amendment right not to testify concerning transactions for which one has been convicted continues until the time for appeal has expired or until the conviction has been affirmed on appeal"); *United States v. Kennedy*, 372 F.3d 686, 691–692 (4th Cir. 2004) ("Because any post-conviction evidence could be used against a defendant if his conviction were to be overturned, the risk of coerced self-incrimination remains until the conviction has been affirmed on appeal."). In considering requests to stay civil proceedings in the post-conviction context, Courts looks to the strength of the criminal defendant's post-conviction arguments. See, e.g., *Jenkins v. Miller*, No. 2:12-CV-184, 2017 WL 1052582, at *4 (D. Vt. Mar. 20, 2017). Mr. Scott's post-trial motion puts forward strong arguments for acquittal or, in the alternative, a new trial.

[3] Threatening dismissal because class counsel failed to file a motion to appoint counsel by the Court's deadline to so. (ECF No. 30)

MINTZ & GOLD LLP
ATTORNEYS AT LAW

The Hon. Valerie E. Caproni
Page 4

has repeatedly failed to comply with subsequent Court Orders, including, remarkably, an Order that rebuked Lead Plaintiff for just such conduct. Lead Plaintiff has pursued Plaintiffs' supposedly valuable claims by giving up on locating a defendant that they allege was a founder of the alleged OneCoin Ponzi Scheme, even though Lead Plaintiff now concedes that that voluntarily dismissed defendant, Sebastian Greenwood, is in custody in New York (*see* ECF No. 92 at 3 n.2). Lead Plaintiff pursues some U.S.-based individuals that Lead Plaintiff basically admits were tangential players at most (e.g., Mr. Scott and the other Scott Defendants), while ignoring other U.S.-based individuals, like Gilbert Armenta, who—based on the criminal allegations against him—appears to have been far more central to the OneCoin Ponzi Scheme and any OneCoin U.S.-based operations. This action is not a principled effort to recover on behalf of defrauded individuals, it's a sloppily-assembled fishing expedition. We submit that Lead Plaintiff is wasting Court resources when those resources are at their most strained and that Lead Plaintiff's herky-jerky approach to pursuing this action should be put to a stop.

In sum, Mr. Scott requests that this Court's August 2019 Orders simply be enforced: (i) that the current stay remain in place pending a conference with the parties and the Court; and (ii) that Mr. Scott be afforded an opportunity at that conference to address why that stay should remain in place until his criminal proceeding is resolved. Moreover, Led Plaintiff's repeated failures to follow Court Orders should have consequences; this action should be dismissed.

We look forward to the opportunity to discuss these matters with the Court at the contemplated conference.

Respectfully submitted,

/s Steven G. Mintz
Steven G. Mintz

Cc: Counsel of record (via ECF)