

1101 30th Street NW, Suite 115<br>
Washington, DC 20007<br>
T: 202-524-4290<br>
F: 202-333-2121<br>
www.zlk.com<br>
<br>
Adam M. Apton<br>
aapton@zlk.com

April 27, 2020

**SUBMITTED VIA ECF**

The Honorable Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *Grablis v. OneCoin Ltd. et. al.*, Case No. 1:19-cv-4074

Dear Judge Caproni:

    We write on behalf of Lead Plaintiff Donald Berdeaux and Plaintiff Christine Grablis (together, "Plaintiffs") in the above-captioned matter (the "Action"), as well as on behalf of Defendants Konstantin Ignatov, Mark Scott, David Pike, and Nicole J. Huesmann in this action (together, with Plaintiffs, the "Appearing Parties").[1] On April 17, 2020, the Court ordered that by April 27, 2020, the parties submit a joint letter proposing next steps in the litigation, including whether they believe a telephonic conference with the Court, tentatively scheduled for May 1, 2020 at 11:00 a.m., should proceed (the "April 17 Order"). [ECF No. 97]. Additionally, the April 17 Order directed that "Defendants must state whether they object to lifting the stay in this case and why." *Id.*

    **Plaintiffs' Position**:   As Plaintiffs have previously expressed to the Court [ECF 92-94], this case should now proceed; as all remaining Defendants have been served and, hence, the reason for the entry of a stay of litigation in August 2019 has been resolved. In response, Mr. Scott -- who was convicted by a jury in November 2019 for crimes related to the same facts underlying the instant action -- argues that the stay should remain imposed because "Mr. Scott is currently moving for an acquittal or, in the alternative, a new trial in that proceeding" [ECF No. 96]. Plaintiffs continue to contend that the stay should be lifted immediately.

    First, the Court's original imposition of the stay was not premised upon Mr. Scott's then-pending criminal trial. Rather, this case was stayed specifically "until all Defendants . . . have been served." *See* August 2019 Stay Order, at 1. [ECF No. 46]. Because the Court has already recognized that "Lead Plaintiff has . . . served all remaining Defendants" [ECF No. 97], the original basis for the entry of a stay no longer applies. Second, with his criminal conviction having been entered several months ago, Mr. Scott's purported justification for a stay has been rendered largely moot.

---

[1] Plaintiffs submitted a Certificate of Service as to Defendants OneCoin Ltd. ("OneCoin") and Ruja Ignatova ("Ignatova") on February 3, 2020. [ECF No. 88].  However, OneCoin and Ignatova have yet to enter an appearance.

LEVI&KORSINSKY LLP

Page 2 of 7
April 27, 2020

"The party seeking a stay 'bears the burden of establishing its need.'" *Capak v. Epps*, No. 18-CV-4325 (RA), 2018 U.S. Dist. LEXIS 215139, at *6–7 (S.D.N.Y. Dec. 21, 2018) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 99 (2d Cir. 2012). Indeed, this Court has previously held that it will not grant "a stay solely on 'speculative and uncertain risks to defendant's interests' where no showing of possible prejudice has been made." *Capak*, 2018 U.S. Dist. LEXIS 215139, at *11. Absent any showing that the ongoing proceedings in this civil trial will in any way prejudice the appeal of Mr. Scott's criminal conviction, a stay would be based on pure speculation and should not be granted.

Indeed, Mr. Scott's entire argument in favor of maintaining the stay appears to be that discovery in this instant matter might impinge upon his Fifth Amendment rights. *See* ECF No. 96 at 2. However, because Plaintiffs assert claims under the federal securities laws, this Action is governed by the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA imposes an automatic stay of all discovery "until after Plaintiffs prevail at the motion to dismiss stage." *See In re Sportsline.com Secs. Litig.*, 366 F. Supp. 2d 1159, 1174 (S.D. Fla. 2004). The interests that courts consider in determining whether to stay civil litigation related to criminal proceedings include the decision whether to assert the Fifth Amendment in the civil proceeding (which will not arise until discovery is ongoing and testimony is elicited), the ability of the prosecution to determine the defense strategy through the civil case, and the possibility that the prosecution will obtain discovery beyond the limits of FED. R. CRIM. P. 16(b)."); *Adelphia Communs. Corp. v. Rigas* (*In re Adelphia Communs. Corp.*), 293 B.R. 337, 353 (Bankr. S.D.N.Y. 2003) (noting "upon the taking of the defendant's deposition, a Fifth Amendment privilege [may be] invoked"). Thus, Mr. Scott's speculative Fifth Amendment concerns are not implicated until the automatic discovery stay has been lifted.[2] *See Fid. Funding of Calif., Inc. v. Reinhold*, 190 F.R.D. 45, 49 (E.D.N.Y. 1997) ("Many of the cases describing a defendant's interest in a stay of a parallel civil proceeding refer particularly to a stay of discovery in the civil proceeding."). If Mr. Scott wishes to raise such concerns once the automatic stay on discovery is lifted, the Court could revisit the issue at that time. Indeed, it is possible that Mr. Scott's criminal proceedings will have concluded by that time.

Furthermore, the potential for prejudice against Defendant Scott "'is diminished where, such as here, a private party, not the government, is the plaintiff in the civil action'" because "'it is less likely in such cases that the civil discovery process will be used as a cloak to conduct criminal discovery.'" *Bernard v. Lombardo*, 2017 U.S. Dist. LEXIS 106985, at *11 (S.D.N.Y. June 9, 2017) (quoting *Citibank, N.A v. Hakim*, 92 Civ. 6233, 1993 U.S. Dist. LEXIS 16299, at *7 (S.D.N.Y. Nov. 17, 1993)). Thus, the need for a stay even after discovery commences is highly doubtful, particularly where, as here, the fact-finding portion of the criminal proceedings (culminating in Defendant Scott's conviction at trial) is already complete.

---

[2] The case law relied upon by Mr. Scott supports the premise that Fifth Amendment concerns are not implicated at least until discovery commences. *See United States v. Duchi*, 944 F.2d 391, 394 (8th Cir. 1991) (citing "the Fifth Amendment **right not to testify**") (emphasis added); *United States v. Kennedy*, 372 F.3d 686, 691–692 (4th Cir. 2004) (citing risk of "post-conviction **evidence**" being used against a defendant if his conviction were to be overturned) (emphasis added); *see also* ECF No. 96 at 2.

In light of the above, the case should now freely proceed at least through the pleadings stage. Accordingly, Plaintiffs believe that a teleconference with the Court on May 1, 2020 may well be productive. At such a conference, Plaintiffs would contend that Defendants should respond to Plaintiffs' pending Complaint within four weeks (28 days) by filing either an Answer or a motion to dismiss. In the event Defendants file a motion(s) to dismiss, Plaintiffs will request six weeks (42 days) to oppose any such motions and that any replies and oral argument be scheduled at the Court's convenience.

With regard to other pretrial proceedings, and in light of the PSLRA's automatic stay of discovery, Plaintiffs believe that initial disclosures under Rule 26(b) and a Rule 26(f) conference, which contemplates a detailed discussion regarding discovery, are likely premature until any motions to dismiss have been adjudicated. Similarly, because the Appearing Parties will not know when discovery is free to commence until all motions to dismiss have been adjudicated, Plaintiffs believe that a full pretrial scheduling conference and the entry of a full pretrial scheduling order pursuant to Rule 16 is probably premature at this time as well.

**Defendants David Pike and Mark Scott's Positions:** Defendants David Pike and Mark Scott object to the stay being lifted and request that it be continued pending a final resolution of the criminal cases currently pending against each of them in this Court.

Defendant Pike is named in a criminal information charging him with conspiracy to commit bank fraud in violation of Title 18 U.S.C. §371. *See United States v. David Pike*, Case No. 17-cr-00630-ER. "A district court may stay civil proceedings when related criminal proceedings are imminent or pending, and it will sometimes be prudential to do so." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). When deciding whether to stay civil proceedings pending imminent criminal proceedings, courts of this Circuit consider six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id*. at 99 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). The party seeking a stay "bears the burden of establishing its need." *Id*. at 97 (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

Whether the defendant has been indicted has been described as "the most important factor" to be considered in the balance of factors, and where the defendant has not yet been indicted, the factor "tips strongly in Plaintiff's favor and provides sufficient grounds, standing alone, to deny the request for a stay." *Karimona Investments, LLC v. Weinreb*, No. 02-cv-1792 (WHP) (THK), 2003 WL 941404, at *3 (S.D.N.Y. Mar. 7, 2003); *see also Citibank, N.A. v. Hakim*, No. 92-cv-6233 (MBM), 1993 WL 481335, at *1 (S.D.N.Y. Nov. 18, 1993) ("Although defendant Hakim allegedly

is a target of a continuing grand jury investigation, he does not claim to have been indicted."). Unlike the defendant in *Hakim*, Mr. Pike is facing a pending charge.

Of equal importance is the extent to which the issues in the criminal case overlap with those present in the civil case, since the potential for self-incrimination is more likely if there is a significant overlap. *Volmar Distributors, Inc. v. The New York Post Co., Inc.,* 152 F.R.D. 36, 39 (S.D.N.Y.1993) (quoting *Parallel Proceedings,* 129 F.R.D. at 203) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issue."). The criminal information filed against Mr. Pike substantially overlaps with the current case in that it involves the same individuals, and many of the facts and circumstances alleged in the plaintiff's complaint. For example, the information names Mark Scott as a co-conspirator, deals with the multi-level marketing scheme known as OneCoin, involves an investment fund allegedly operated by Mr. Pike and others, and names Ruja Ignatova as the alleged leader of the OneCoin scheme. Given the significantly overlapping pending charge against Mr. Pike, he objects to the stay being lifted pending a final resolution of his criminal case.

Defendant Mark Scott has previously articulated the bases for his request for a stay in filings with this Court. [ECF Nos. 41, 96]. Mr. Scott adopts those arguments here. Though Mr. Scott has been convicted, he retains his Fifth Amendment rights through his post-trial motions, appeal, and sentencing. Indeed, we anticipate that Mr. Scott's sentencing proceeding may be contested and involve legal and factual disputes. In the post-conviction context, in addition to the factors articulated in Mr. Pike's position above, courts consider the strength of a parties' argument that the conviction should not stand, i.e., the likelihood the conviction will be reversed. *Jenkins v. Miller*, No. 12 Civ. 184, 2017 WL 1052582, at *4 (D. Vt. Mar. 20, 2017). Here, Mr. Scott has advanced compelling arguments in his motion in his criminal proceeding under Fed. R. Crim. P. 29 and 33 that the Government failed to prove elements of both charges against him. *United States v. Scott*, No. 1:17-cr-00630 (ER) [ECF No. 219]. With respect to the bank fraud conspiracy charge, Mr. Scott contends that there was no evidence to demonstrate that he had any knowledge of the alleged misrepresentations to FDIC-insured banks and, in fact, the evidence established that Mr. Scott was also deceived in connection with the alleged OneCoin scheme. *Id.* at 7-25. As for the money laundering charge, Mr. Scott argues that the Government failed to prove (i) that money transferred through funds he allegedly controlled were the proceeds of a domestic wire fraud scheme, (ii) that any money from U.S.-based OneCoin investors was transferred through those funds, or (iii) that Mr. Scott had any knowledge that the money was transferred in order to conceal alleged criminal activity. *Id.* at 25-37. There is a reasonable likelihood that Mr. Scott will, at a minimum, be granted a new trial (either as a result of his now-pending motion or on appeal) in the criminal matter. Accordingly, Fifth Amendment concerns related to that potential new trial, any appeal, and Mr. Scott's sentencing warrant the continuation of the stay in this proceeding.

**Defendant Nicole J. Huesmann's Position**: When Defendant Nicole J. Huesmann, was served with the Summons and First Amended Class Action Complaint in this action, the Court had already entered its Stay Order.[3] As such, Ms. Huesmann did not participate in the proceedings that

---

[3] The Stay Order was entered on August 23, 2019 (DE 46). Defendant, Huesmann was served on September 9, 2019, and counsel appeared on her behalf on November 1, 2019 (DE 64).

led up to the entry of that Order. Ms. Huesmann is a Florida Attorney. Defendant Scott was one of her clients. Plaintiffs' First Amended Class Action Complaint alleges purely state law claims against Ms. Huesmann arising out of her representation of Mr. Scott in connection with some commercial transactions. Ms. Huesmann is not under investigation by the Federal Government, has not been indicted or charged with any crimes, did not testify in any of the criminal proceedings, and has not been involved with, or aware of, the OneCoin defendants or their business or alleged activities. Ms. Huesmann is not the subject of any of the Federal Claims brought against any of the other defendants.

This Court lacks personal jurisdiction over Ms. Huesmann. She is not subject to general jurisdiction in New York, because she is domiciled in Florida. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, 2019 U.S. Dist. LEXIS 55932, at *30-31, 2019 WL 1434719 (S.D.N.Y. March 31, 2019) (finding no general jurisdiction when the plaintiff admitted the defendant was domiciled outside of New York, and did not plead that the defendant consented to jurisdiction or was served in New York). She is also not subject to specific jurisdiction in New York because Plaintiff's state-law claims do not arise out of any activity conducted by Ms. Huesmann in New York and Ms. Huesmann also did not purposefully avail herself of the privileges of conducting activities in New York. *E.g. Lipin v. Hunt*, 538 F. Supp. 2d 590, 598 (S.D.N.Y. 2008) (finding no specific jurisdiction when "[a]ll of Plaintiff's allegations relating to actions taken by [defendant] in his capacity as a[n] attorney relate to actions taken in connection with proceedings in Maine courts."); *BHC Interim Funding, LP v. Bracewell & Patterson, LLP,* No. 02 Civ. 4695, 2003 U.S. Dist. LEXIS 10739 at *12, 2003 WL 21467544 S.D.N.Y. June 25, 2003) ("Plaintiff has neither alleged nor offered evidence that [defendant law firm] has made specific efforts to make itself known in the New York legal market, or to establish a client base here."). Notably absent from the First Amended Class Action Complaint are any allegations that Ms. Huesmann conducted any activity within or targeted at New York that arises out of Plaintiff's claims. When permitted by this Court, Ms. Huesmann intends to move for dismissal of all claims brought against her, for, among other reasons, lack of personal jurisdiction.

In order to avoid any argument that she has submitted to the jurisdiction of this Court, or somehow waived her right to challenge personal jurisdiction, Ms. Huesmann takes no position on the status of the stay. Should the Court, in its discretion, decide to lift the stay, Ms. Huesmann requests that the Court establish a shorter briefing schedule for pre-answer motions, consistent with the Local Rules, rather than the schedule proposed by the Plaintiff.

**Defendant Konstantin Ignatov's Position**: Defendant Konstantin Ignatov does not object to the continued stay of the proceedings requested by his co-defendants.

All Defendants agree that the May 1, 2020 telephonic conference should go forward.

\* \* \* \*

For the foregoing reasons, and to expediently resolve the issues raised herein, the Appearing Parties respectfully request that the Court proceed with the telephonic conference tentatively scheduled for May 1, 2020 at 11:00 a.m.

                         Respectfully submitted,

**LEVI & KORSINSKY, LLP**

s/ *Adam M. Apton*
Adam M. Apton
1101 30th Street NW, Suite 115
Washington, D.C. 20007
(202) 524-4290
aapton@zlk.com

*Attorneys for Plaintiffs*

**MINTZ & GOLD LLP**

s/ *Kevin M. Brown*
Steven G. Mintz
Kevin M. Brown
Timothy J. Quill
600 Third Avenue, 25th Floor
New York, New York 10016
(212) 696-4848
mintz@mintzandgold.com
brown@mintzandgold.com
quill@mintzandgold.com

*Attorneys for Defendant Mark Scott*

**HAMILTON, MILLER & BIRTHISEL, LLP**

s/ *Bradley A. Silverman*
Bradley A. Silverman
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
bsilverman@hamiltonmillerlaw.com
*Attorneys for Defendant, Nicole J. Huesmann*

LEVI&KORSINSKY LLP
Page 7 of 7
April 27, 2020

          **RASKIN & RASKIN, P.A.**

          <u>s/ Martin R. Raskin</u>
          Martin R. Raskin
          201 Alhambra Circle, Suite 1050
          Coral Gables, FL 33134
          Tel.: (305) 444-3400
          Fax: 305-285-5124
          Email: mraskin@raskinlaw.com
          *Attorneys for Defendant David Pike*

          **LAW OFFICES OF JEFFREY LICHTMAN**

          <u>s/ Jeffrey B. Einhorn</u>
          Jeffrey B. Einhorn
          11 E. 44th Street, Ste. 501
          New York, NY 10017
          Tel.: (212)-581-1001
          Fax: (212)-581-4999
          Email: einhorn@jeffreylichtman.com

          *Attorneys for Defendant Konstantin Ignatov*

cc: All Counsel of Record (via CM/ECF)