# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

STEVEN W. GOLD
STEVEN G. MINTZ*
ALAN KATZ
JEFFREY D. POLLACK*
ELLIOT G. SAGOR
IRA LEE SORKIN
LON JACOBS
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. MCCORMICK
ROBERT B. LACHENAUER
ROGER L. STAVIS
CHARLES A. ROSS**
KEVIN W. GOERING
RICHARD M. BRESLOW
KEVIN M. BROWN
ALEXANDER H. GARDNER
HEATH LORING
PETER GUIRGUIS
TIMOTHY H. WOLF**
ANDREW R. GOTTESMAN
RYAN W. LAWLER*
ADAM K. BRODY
MARIA EVA GARCIA*
GABRIEL ALTMAN
ANDREW E. STECKLER
ALEX J. OTCHY*
CECE M. COLE

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

———

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

*SENIOR COUNSEL*

JACK A. HORN
NOREEN E. COSGROVE
MATTHEW S. SEMINARA
TIMOTHY J. QUILL, JR.
JULIA B. MILNE

*OF COUNSEL*

HONORABLE VITO J. TITONE (dec.)
  (NY State Court of Appeals 1985-1998)

HARVEY J. HOROWITZ (dec.)

HONORABLE HOWARD MILLER
  (NY Appellate Div. 1999-2010 [ret.])

AMIT SONDHI*
ERIC M. KUTNER
NEAL M. GOLDMAN
ANDREW P. NAPOLITANO✝

✝ADMITTED TO PRACTICE ONLY BEFORE ALL
COURTS IN NEW JERSEY AND ALL FEDERAL COURTS
IN NEW YORK CITY

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN FLORIDA

July 24, 2020

**Via ECF**
The Honorable Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re:   *Grablis v. OneCoin Ltd. et al.*, No. 1:19-cv-4074 (VEC)

Dear Judge Caproni:

This firm represents defendant Mark Scott in the above-referenced action. We write, in accordance with Rule 2.A of Your Honor's Individual Practices in Civil Cases, to respond to Plaintiffs' July 22, 2020 letter motion requesting: (i) an extension of time to file Plaintiffs' opposition to various pending motions to dismiss; and (ii) an order permitting Plaintiffs to take jurisdictional discovery regarding the moving defendants' connections (if any) to New York (ECF No. 114). As is discussed below, we respectfully submit that both of Plaintiffs' requests should be denied.

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Valerie E. Caproni
Page 2

Plaintiffs' current requests should be viewed in the context of the status of this action in its entirety. Plaintiffs' operative pleading[1] seeks recovery for the allegedly defrauded investors in an alleged worldwide, cryptocurrency-based Ponzi scheme through defendant OneCoin Ltd. ("OneCoin"). (Am. Compl. ¶ 18.) Plaintiffs seek recovery from two distinct groups of Defendants under largely distinct theories of recovery. First, Plaintiffs seek to recover under various theories of securities fraud from a group of defendants allegedly directly involved in OneCoin, whom the Amended Complaint labels the "OneCoin Defendants." The five OneCoin Defendants, none of whom appear to be domiciliaries of the United States, are: (i) OneCoin itself (a Bulgarian entity); (ii) OneCoin's alleged founder and original leader, Ruja Ignatova (a Bulgarian domiciliary); (iii) Ruja Ignatova's alleged co-founder, Sebastian Greenwood (a Swedish domiciliary); (iv) Ruja Ignatova's brother and successor as head of OneCoin, Konstantin Ignatov (a Bulgarian domiciliary); and (v) a senior OneCoin executive, Irina Dilinska (no domicile alleged). Second, Plaintiffs seek recovery under three state law theories of recovery from a group of individuals alleged to be only peripherally-involved (to varying degrees) in the alleged OneCoin scheme—defendants the Amended Complaint labels the "Scott Defendants." The Scott Defendants—all of whom reside in Florida—are Mark Scott, David Pike and Nicole Huesmann. (Am. Compl. ¶¶ 40-46.)

Plaintiffs' current request arises from Plaintiffs' puzzling decision to shift their focus from OneCoin's alleged central figures, i.e., the OneCoin Defendants, to the allegedly peripherally-involved Scott Defendants, whom Plaintiffs allege assisted in laundering a small fraction of the money that Plaintiffs allege passed through OneCoin. Plaintiffs dedicated most of the Amended Complaint's factual allegations and most of its causes of action to the OneCoin Defendants. And Plaintiffs initially evinced a keen interest in pursuing the OneCoin Defendants, causing this action to be stayed for months while Plaintiffs ostensibly attempted to locate and effect service on four of the five OneCoin Defendants: OneCoin, Ruja Ignatova, Sebastian Greenwood, and Irina Dilinska. More recently, however, their interest in pursuing recovery from the OneCoin Defendants has seemingly cooled. First, Plaintiffs arbitrarily dropped two OneCoin Defendants—one being a founder of OneCoin—from the suit, claiming they could not be located (though one of them was in federal custody at the time), likely as a measure to keep this improvised action alive. And, while two other OneCoin Defendants—OneCoin and Ms. Ignatova—appear to be in default, Plaintiffs have taken no steps to seek a judgment against them. Now, in their July 22, 2020 letter to this Court, Plaintiffs contend that they need time to complete a settlement with the final OneCoin Defendant in return, at least in part, for information from Mr. Ignatov that "*may* help to strengthen, among other things, the jurisdictional arguments as to personal jurisdiction" over the Scott Defendants. (ECF No. 114) (emphasis supplied). In sum, Plaintiffs seem to be allowing *all* of OneCoin's alleged central players to walk away so that they can pursue the Florida-based Scott Defendants, who—accepting Plaintiffs' own allegations as true—were at best only supporting players in the alleged OneCoin scheme.

---

[1]     While Plaintiffs have stated they intend to seek a further amendment to their pleading, the currently operative pleading is the August 2, 2019 Amended Complaint (ECF No. 40) (the "Amended Complaint" or "Am. Compl.").

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Valerie E. Caproni
Page 3

But, putting the rationale for Plaintiffs' puzzling shift in focus to the side—the departure from this action of the OneCoin Defendants further highlights a question posed by the Scott Defendants' pending motions to dismiss: can they be forced to defend against Plaintiffs' three alleged state law claims in New York? As noted in those motions, Plaintiffs—likely then focused on the OneCoin Defendants—neglected to include in the Amended Complaint any concrete factual allegations linking the Scott Defendants to New York. Now, Plaintiffs' current requests reveal that Plaintiffs' omission was not mere oversight—that Plaintiffs lack a good-faith basis to allege facts connecting the Scott Defendants to New York. As such, Plaintiffs' two requests should be denied.

First, for the reasons set forth by the Scott Defendants in Plaintiffs' July 22, 2020 letter, Plaintiffs' request for an extension should be denied.

Second, Plaintiffs are not entitled to jurisdictional discovery. Jurisdictional discovery on a motion to dismiss is not warranted unless the plaintiff establishes a *prima facie* case for personal jurisdiction, or at least presents factual allegations that, if proven through additional discovery, would change the outcome of the issue. *See, e.g., Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998) (affirming district court's denial of jurisdictional discovery where plaintiff failed to establish a *prima facie* case of jurisdiction); *Capitol Records, L.L.C. v. SeeqPod, Inc.*, No. 09 Civ. 01584 (LTS) (KNF), 2010 WL 481228, at *6 (S.D.N.Y. Feb. 1, 2010) (denying jurisdictional discovery because plaintiff failed to make a *prima facie* showing); *RSM Production Corp. v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009) (denying discovery where plaintiffs made no factual allegations that would be dispositive even if proven through additional discovery); *In re Teligent, Inc.*, Nos. 01-12974 (SMB), 03-3577, 2004 WL 724945, at *6 (Bankr. S.D.N.Y. Mar. 30, 2004) (citation omitted) ("As a rule, a plaintiff is not entitled to jurisdictional discovery to enable her to bolster an inadequate pleading if the defendant merely challenges the legal sufficiency of the jurisdictional allegations in the complaint, and does not place the factual basis for personal jurisdiction in issue.").

Here, Plaintiffs fail on both counts. The Amended Complaint neither alleges a *prima facie* case of personal jurisdiction nor includes specific factual allegations which could be proven through further discovery. As Plaintiffs concede in their letter, their principal jurisdictional allegation is that each defendant "either conducts business in and maintains operations in this District, or is an individual who either is present in this District for jurisdictional purposes or has sufficient minimum contacts with this District . . ." (Am. Compl. ¶ 12.) This boilerplate, conclusory allegation, however, is insufficient to warrant jurisdictional discovery. *See Chirag v. MT Marida Marguerite Schiffahrts*, 604 Fed. Appx. 16, 19 (2d Cir. Mar. 11, 2015) ("A *prima facie* case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place."); *In re SSA Bonds Antitrust Litig.*, 420 F. Supp. 3d 219, 241 (S.D.N.Y. 2019) (denying jurisdictional discovery where allegations linking foreign defendants to New York were "conclusory and devoid of any facts that show specific transactions in New York" to further the alleged conspiracy); *Leon v. Shmukler*, 992 F. Supp. 2d 179, 186 (E.D.N.Y. 2014) ("[T]he Court need not 'draw argumentative inferences' in the

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Valerie E. Caproni
Page 4

plaintiff's favor, nor 'accept as true a legal conclusion couched as a factual allegation.'")
(quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)).[2]

Further, the cases Plaintiffs cite in support of their request are unavailing. In *Manhattan Life Ins. Co. v. A.J. Stratton Syndicate (No. 782)*, the court granted jurisdictional discovery because the plaintiffs made a "sufficient start" toward showing personal jurisdiction by submitting affidavits establishing that the defendants solicited business in New York, held a meeting in New York, and sent specific communications to New York. 731 F. Supp. 587, 593 (S.D.N.Y. 1990). In *Leon v. Shmukler*, 992 F. Supp. 2d 179, 188, 195-96 (E.D.N.Y. 2014), the plaintiffs established personal jurisdiction over the defendant company and sought discovery concerning the individual defendant's role as president of that company, and therefore "articulate[d] a colorable basis for personal jurisdiction" over the individual defendant. The court permitted jurisdictional discovery in *Joint Stock Company Channel One Russia Worldwide v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2017 WL 825482 (S.D.N.Y. Mar. 2, 2017), in part, because the plaintiffs provided documents demonstrating that the defendant entity advertised in New York. *See* S.D.N.Y. No. 16 Civ. 1318 (GBD) (BCM), ECF No. 90. Finally, in *Texas Intern. Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 Fed. Appx. 738, 739 (2d Cir. 2002), the court found that the plaintiffs' jurisdictional allegations were sufficiently specific, they were just insufficiently developed.

Here, in contrast to Plaintiffs' cited cases, Plaintiffs fail to make any specific factual allegation *whatsoever* tying the Scott Defendants to New York. Instead, they seek discovery to "engage in an unfounded fishing expedition for jurisdictional facts"—but that should not be permitted. *RSM Production Corp.*, 643 F. Supp. 2d at 402 (internal citation and quotation omitted). Indeed, as the court noted in *Manhattan Life Ins.*, a case Plaintiffs cite in their letter, "a court should not approve a fishing expedition when little more exists than plaintiff's bare assertions that jurisdiction is proper[.]" 731 F. Supp. at 593. All Plaintiffs can point to in their Amended Complaint are bare, conclusory assertions, and their request for jurisdictional discovery therefore should be denied.

It also is worth noting the procedural background that preceded Plaintiffs' letter. On May 1, 2020, the Court held oral argument regarding Plaintiffs' request that the stay be lifted in this case. We indicated during that call that Mr. Scott intended to move for dismissal for lack of personal jurisdiction. Rather than review the substantive allegations in their Amended Complaint at that time to determine whether there existed a sufficient nexus with New York to justify an action in this forum, Plaintiffs waited until the Scott Defendants incurred the time and costs of

---

[2]      It also is of no moment that Mr. Scott faces criminal charges in this District because personal jurisdiction for civil purposes is entirely different from venue in the criminal context. *See, e.g., United States v. Bodmer*, 342 F. Supp. 2d 176, 187-88 (S.D.N.Y. 2004) (noting that personal jurisdiction is "reserved for civil cases" and does not arise in the criminal context). Further, although Plaintiffs allege harm in this District, they do so only generally. (*See* Am. Compl. ¶ 91.) The Plaintiffs named in the Amended Complaint are not even residents of New York, but rather reside in Montana and Tennessee. (*See* Am. Compl. ¶¶ 14, 16.)

MINTZ & GOLD LLP
ATTORNEYS AT LAW

Hon. Valerie E. Caproni
Page 5

preparing and filing motions to dismiss. Now Plaintiffs request the opportunity to amend their
pleading again, but only after seeking jurisdictional discovery for which they fail to provide any
factual basis. Plaintiffs have had multiple opportunities to correct their pleadings; their failure to
do so betrays the lack of merit of their claims against Mr. Scott and the other Scott Defendants
and the absence of any justification to proceed in this forum. Plaintiffs should not be offered yet
another bite at the apple at the Scott Defendants' expense.

Respectfully submitted,

**MINTZ & GOLD LLP**

 s/ *Timothy J. Quill, Jr.*
Steven G. Mintz
Kevin M. Brown
Timothy J. Quill, Jr.
600 Third Avenue, 25th Floor
New York, New York 10016
(212) 696-4848
mintz@mintzandgold.com
brown@mintzandgold.com
quill@mintzandgold.com
*Attorneys for Defendant Mark Scott*

Cc: Counsel of record (via ECF)