1101 30th Street NW, Suite 115
Washington, DC 20007
T: 202-524-4290 x1
F: 202-333-2121
www.zlk.com

Donald J. Enright
denright@zlk.com

**MEMO ENDORSED**

July 22, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/27/2020

**SUBMITTED VIA ECF**

The Honorable Valerie E. Caproni
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Grablis v. OneCoin Ltd. et. al.*, Case No. 1:19-cv-4074

Dear Judge Caproni:

We write on behalf of Lead Plaintiff Donald Berdeaux and Plaintiff Christine Grablis (together, "Plaintiffs") in the above-captioned matter (the "Action"). Plaintiffs respectfully move this Court for an extension of time to file their response in opposition to Defendant Scott's, Defendant Pike's, and Defendant Huesmann's Motions to Dismiss (the "Motions to Dismiss"). (ECF Nos. 107-111), as well as for an order permitting limited discovery on the issue of personal jurisdiction.

The original due date for Plaintiffs' opposition is August 12, 2020. [ECF No. 104]. Defendant Ignatov consents to the extension and limited jurisdictional discovery, while Defendants Scott, Pike, and Huesmann object. Their objections are noted at Section III of this letter. This is Plaintiffs' first request for an extension of time in this Action.

## I. Request For Six Week Extension To Respond To Motions To Dismiss

As has been reported to the Court, Plaintiffs and Defendant Konstantin Ignatov are currently engaged in settlement discussions. [ECF Nos. 105-106, 112-113]. These discussions have been slowed, as "Mr. Ignatov is presently incarcerated, rendering attorney-client communications more difficult due to the ongoing public health crisis and slowing our efforts to resolve this case." [ECF No. 112]. However, it is Plaintiffs' reasonable belief that, based on representations in settlement discussions made by Defendant Ignatov, Plaintiffs will obtain a great deal of information which would considerably strengthen the claims currently set forth in the Amended Complaint (the "Complaint") [ECF No. 40]. Specifically, information from Defendant Ignatov may help to strengthen, among other things, the jurisdictional arguments as to personal jurisdiction over Defendants Scott, Pike, and Huesmann, whose Motions to Dismiss largely sound in personal jurisdiction arguments. This information will likely prove instrumental in refuting the Motions to Dismiss, and, based upon additional information anticipated to be uncovered as a result of settlement with Defendant Ignatov (and based upon jurisdictional discovery obtained by Plaintiffs, should the Court choose to permit and as discussed in the following section), Plaintiffs may ultimately request leave to file a Second Amended Complaint.

Accordingly, to facilitate full and thorough settlement discussions with Defendant Ignatov, and to ensure that Plaintiffs can respond to the Motions to Dismiss while fully informed, Plaintiffs request a six-week (42 day) extension to their deadline to oppose the Motions to Dismiss, which is currently due on August 12, 2020. This extension would move Plaintiffs' opposition due date on the Motions to Dismiss to September 23, 2020, which would conform with the response date to any such motion that might be filed by Ignatov. Any replies would be due on October 14, 2020, which would again accord with the schedule that the Court has set for Defendant Ignatov.

## II. Request For Limited Discovery On Issue Of Personal Jurisdiction

As discussed in the previous section of this letter, Plaintiffs have a good faith belief that additional information discovered by and from the Defendants in this action will help Plaintiffs to make a fuller showing of personal jurisdiction. Plaintiffs' Complaint already alleges a sufficient *prima facie* basis for personal jurisdiction. For example, the Complaint states that,

> The Court has personal jurisdiction over each of the Defendants because each either conducts business in and maintains operations in this District, or is an individual who either is present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

Complaint at ¶ 12. Additionally, the Complaint notes that the Defendants Scott and Ignatov have faced criminal charges in this District for the very same money-laundering wrongs outlined within the Complaint (and have subsequently been convicted of these same wrongs). *See id*. at 2.[1] The Complaint further notes the activities and harm caused in this District through the Defendants' participation in the OneCoin scheme. *Id.* at ¶ 169; 198; 218.

Accordingly, as Plaintiffs have shown good faith in raising their personal jurisdiction allegations and have made a sufficient initial *prima facie* showing in doing so, Plaintiffs are entitled to limited discovery as to the issue of personal jurisdiction. *See Manhattan Life Ins. Co. v. A.J. Stratton Syndicate* (No. 782), 731 F. Supp. 587, 593 (S.D.N.Y.1990) ("[P]laintiffs are entitled to discovery regarding the issue of personal jurisdiction if they have made a sufficient start, and shown their position not to be frivolous"); *Tex. Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 F. App'x 738, 739 (2d Cir. 2002) ("[W]e believe [plaintiffs] were entitled to jurisdictional discovery in order to develop the factual record requisite for such a [*prima facie*] showing . . . We spoke of plaintiffs' "conclusory non-fact-specific jurisdictional allegations." In the instant case, plaintiffs' jurisdictional allegations are neither sparse nor insufficiently specific; they are simply insufficiently developed at this time to permit judgment as to whether personal jurisdiction is

---

[1] *See also* "Former Partner Of Locke Lord LLP Convicted In Manhattan Federal Court Of Conspiracy To Commit Money Laundering And Bank Fraud In Connection With Scheme To Launder $400 Million Of OneCoin Fraud Proceeds," Press Release, UNITED STATES DEPARTMENT OF JUSTICE, available at https://www.justice.gov/usao-sdny/pr/former-partner-locke-lord-llp-convicted-manhattan-federal-court-conspiracy-commit-money; "Cryptoqueen brother admits role in OneCoin fraud," BBC Technology, BBC, available at https://www.bbc.com/news/technology-50417908 (November 14, 2019).

appropriate."); *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194-96 (E.D.N.Y.2014) ("It is well settled under Second Circuit law that, even where a plaintiff has not made a *prima facie* showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record*."); Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2017 U.S. Dist. LEXIS 29806, at *12-13 (S.D.N.Y. Mar. 2, 2017) (noting that the court had granted plaintiff limited jurisdictional discovery, granted an extension of time to respond to the defendant's motion to dismiss, and permitted additional jurisdictional discovery prior to plaintiff filing their opposition to defendant's motion to dismiss).

**III. Objections**

Defendant Scott objects to the proposed extension and opposes Plaintiffs' request for limited jurisdictional discovery, stating that "Plaintiffs have combined a request for an adjournment with a letter motion asking for jurisdictional discovery to determine whether there is any connection between Mr. Scott and New York. Plaintiffs' request is a tacit admission that they lacked a good-faith basis to bring their claims against Mr. Scott in this Court. Now – after reviewing Mr. Scott's motion to dismiss – Plaintiffs ask permission to perform the investigation they should have completed before selecting this forum. Mr. Scott intends to address more fully Plaintiffs' request for limited discovery into personal jurisdiction under separate cover, but for present purposes, Mr. Scott opposes that request as well. Mr. Scott also objects to the extent Plaintiffs' letter characterizes the Complaint's allegations against him as the "very same" wrongs for which Mr. Scott was criminally charged. Further, Plaintiffs' portion of this letter mischaracterizes Mr. Scott's motion to dismiss, which questions whether this Court has personal jurisdiction over Mr. Scott *and* alternatively argues that Plaintiffs fail to state a claim against Mr. Scott upon which relief can be granted under Rule 12(b)(6). Thus, even if Plaintiffs were permitted to seek limited jurisdictional discovery – and they should not be permitted to do so – Mr. Scott is still entitled to a decision from the Court on his pending motion."

Defendant Pike opposes Plaintiffs' proposed extension of time and request for limited discovery on the same grounds proffered by Defendant Scott.

Defendant Huesmann "objects to the proposed extension of time and limited discovery on the same grounds asserted by Mr. Scott. Ms. Huesmann also intends to address more fully Plaintiffs' request for limited discovery into jurisdiction under separate cover, but for present purposes, asserts that she is entitled to a ruling on her pending motion."

* * *

For the reasons stated herein, Plaintiffs respectfully request a) a six-week extension of time to respond to the Motions to Dismiss; and b) an order permitting limited discovery as to the issue of personal jurisdiction. Plaintiffs are available for a conference with the Court and the other parties to discuss this and next steps in this matter if deemed necessary, and thank the Court for its consideration.

Respectfully submitted,
*/s/ Donald J. Enright*

cc: All Counsel of Record (via CM/ECF)

Application GRANTED in part.

Plaintiffs' deadline to respond to the motions to dismiss is extended to **September 23, 2020**; replies are due **October 14, 2020**.

Plaintiffs' request for jurisdictional discovery is denied without prejudice. Their request is premature. They may renew their request in their opposition to the motions to dismiss.

SO ORDERED.

7/27/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE