THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD BERDEAUX and CHRISTINE GRABLIS, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>ONECOIN LTD.; RUJA IGNATOVA, SEBASTIAN GREENWOOD; MARK SCOTT; DAVID PIKE; NICOLE J. HUESMANN; GILBERT ARMENTA; and THE BANK OF NEW YORK MELLON CORPORATION<br><br>      Defendants. | Case No.: 1:19-cv-04074 (VEC) |

**DEFENDANT DAVID PIKE'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

MARTIN. R RASKIN
RASKIN & RASKIN, P.A.
201 Alhambra Circle
Suite 1050
Coral Gables, Fl. 33134
Telephone: (305) 444-3400
Florida Bar No. 315206
mraskin@raskinlaw.com
*Attorney for David Pike*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................1

ARGUMENT...................................................................................................................................2

1.      The Court Lacks Personal Jurisdiction Over David Pike ....................................................2

        a.      "Doing Business" Pursuant to § 301................................................................4

        b.      New York State Long Arm Jurisdiction..............................................................5

2.      The Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.......................................................................................................8

        a.      Plaintiffs Fail To State A Claim For Aiding And Abetting Fraud – Count IV........9

        b.      Plaintiffs Fail To State A Claim For Unjust Enrichment – Count VIII.................10

        c.      Plaintiffs Fail To State A Claim For Civil Conspiracy – Count X........................12

CONCLUSION.............................................................................................................................13

CERTIFICATE OF SERVICE.....................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

*Alexander & Alexander of New York, Inc. v. Fritzen*,
   68 N.Y.2d 968, 969 (1986)..................................................................................................12

*Amusement Indus., Inc. v. Midland Ave. Assocs., LLC*,
   820 F. Supp. 2d 510, 536–38 (S.D.N.Y. 2011)....................................................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................................8

*Beach v. Citigroup Alternative Investments LLC*,
   No. 12 CIV. 7717 PKC, 2014 WL 904650 (S.D.N.Y. Mar. 7, 2014)....................................2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................................8

*Cantor Fitzgerald v. Lutnick*,
   313 F.3d 704 (2d Cir. 2002)....................................................................................................8

*Charles Schwab Corp. v. Bank of Am. Corp.*,
   883 F.3d 68, 82 (2d Cir. 2018)................................................................................................7

*Cortes v. Twenty-First Century Fox Am., Inc.*,
   285 F. Supp. 3d 629 (S.D.N.Y.)............................................................................................13

*Cortland Line Co. v. Vincent*,
   No. 98-CV-259, 1999 WL 305369 (N.D.N.Y. May 7, 1999).................................................5

*Crouch v. Atlas Van Lines, Inc.*,
   834 F. Supp. 596 (N.D.N.Y. 1993).........................................................................................3

*E. Mishan & Sons, Inc. v. Smart & Eazy Corp.*,
   No. 18 Civ. 3217, 2018 WL 6528496 (S.D.N.Y. Dec. 12, 2018)...........................................2

*Ebin v. Kangadis Food Inc.*,
   No. 13- CV-2311, 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013).........................................11

*Estate Advisors LLC v. La Mack*,
   2018 WL 2059653, (S.D.N.Y. May 1, 2018).......................................................................11

*First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*,
   218 F.Supp. 2d 369, 394 (S.D.N.Y 2002)..............................................................................7

*Granite Partners, L.P. v. Bear, Stearns & Co.*,
  17 F.Supp.2d 275 (S.D.N.Y. 1998)..................................................................................12

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*,
  763 F.2d 55, 57 (2d Cir. 1985)......................................................................................3,5

*In re Allou Distributors, Inc.*,
  446 B.R. 32 (Bankr. E.D.N.Y. 2011)..............................................................................12

*In re Commodity Exch., Inc.*,
  213 F. Supp. 3d 631, 676 (S.D.N.Y. 2016)....................................................................12

*In re Ford Fusion & C-Max Fuel Econ. Litig.*,
  No. 13-MD-2450, 2015 WL 7018369, (S.D.N.Y. Nov. 12, 2015).................................11

*In re Magnetic Audiotape Antitrust Litig.*,
  334 F.3d 204, 206 (2d Cir. 2003).....................................................................................4

*In re Terrorist Attacks on Sept. 11, 2001*,
  714 F.3d 659 (2d Cir. 2013).........................................................................................2,8

*International Shoe Co. v. Washington*,
326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95
    (1945)...........................................................................................................................3,7

*Jazini v. Nissan Motor Co.*,
  148 F.3d 181 (2d Cir. 1998)............................................................................................2

*Kew Gardens Hills Apartment Owners, Inc. v. Horing Welikson & Rosen,
  P.C.*, 35 A.D.3d 383 (2d Dep't 2006).............................................................................13

*Kirch v. Liberty Media Corp.*,
  449 F.3d 388, (2d Cir. 2006).........................................................................................12

*Krys v. Pigott*,
  749 F.3d 117 (2d Cir. 2014)............................................................................................9

*Landoil Resources Corp. v. Alexander & Alexander Servs.*, Inc.,
  918 F.2d 1039 (2d Cir. 1990)..........................................................................................4

*Lerner v. Fleet Bank, N.A.*,
  459 F.3d 273  (2d Cir. 2006)...........................................................................................9

*Madison Capital Mkts., LLC v. Starneth Europe B.V.*,
  No. 15 Civ. 7213, 2016 WL 4484251  (S.D.N.Y. Aug. 23, 2016)....................................2

*Mahoney v. Endo Health Sols., Inc.*,
   No. 15-CV-9841, 2016 WL 3951185 (S.D.N.Y. July 20, 2016).................................11

*McGowan v. Smith,*
   52 N.Y.2d 268, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981).......................................6

*Munsif v. Barr*, 797 Fed.
   App'x 658, 659 (2d Cir. 2020)..................................................................................10

*National Westminster Bank USA v. Weksel*,
   124 A.D.2d 144, 511 N.Y.S.2d 626 (1st Dep't)..........................................................9

*Norvel Ltd. v. Ulstein Propeller AS*,
   161 F. Supp. 2d 190 (S.D.N.Y. 2001).........................................................................2

*Oster v. Kirschner*,
   77 A.D.3d 51, 55, 905 N.Y.S.2d 69 (1st Dep't 2010).................................................9

*Overseas Media, Inc. v. Skvortsov*,
   407 F. Supp. 2d 563 (S.D.N.Y. 2006).........................................................................5

*Pellegrino v. Stratton* Corp.,
   679 F. Supp. 1164 (N.D.N.Y. 1986)...........................................................................5

*Reynolds v. Lifewatch, Inc.*,
   136 F. Supp. 3d 503 (S.D.N.Y. 2015).......................................................................10

*Twine v. Levy,*
   746 F. Supp. 1202 (E.D.N.Y.1990)............................................................................3

*United States v. David Pike*, Case No. 17-cr-630 (ER)....................................................4

*Welsh v. Servicemaster Corp.*,
   930 F. Supp. 908 (S.D.N.Y. 1996)..........................................................................6,7

*Wiwa v. Royal Dutch Petroleum Co.*,
   226 F.3d 88 (2d Cir. 2000).........................................................................................4

*World-Wide Volkswagen Corp.v. Woodson,,*
   444 U.S. at 286, 297, 100 S.Ct. 559............................................................................7

**Other Authorities**

Fed. R. Civ. P 12(b)(2)..................................................................................................1,2,4

Fed. R. Civ. P 12(b).........................................................................................1,2,8,10,12,13,14

N.Y. C.P.L.R. § 301............................................................................................................4

C.P.L.R. §§ 301, 302..........................................................................................................5

C.P.L.R. § 302 (a)............................................................................................................5,6

Fed. R. Civ. P 9(b)...........................................................................................................9,10

Title 18 U.S.C. §371............................................................................................................4

**Defendant David Pike's Memorandum of Law
In Support of Motion to Dismiss**

Defendant David Pike, by and through undersigned counsel, submits this memorandum of law in support of his motion to dismiss the Second Amended Class Action Complaint (the Complaint), because the court has no personal jurisdiction over David Pike (Fed. R. Civ. P 12(b)(2)) and the Complaint fails to state a claim upon which relief can be granted (Fed. R. Civ. P 12(b)(6). In support of this motion, David Pike states:

**Preliminary Statement**

David Pike is a resident of Florida, where he was served with process in this case. The Complaint alleges that he assisted Mark Scott in laundering funds purportedly obtained as a result of a world-wide Ponzi scheme perpetrated by Ruja Ignatova and others. The Complaint alleges with specificity how the purported scheme was accomplished. It further details transactions taking place in Ireland, the Cayman Islands, the British Virgin Islands, Singapore, Germany, Bulgaria, the United Arab Emirates, Hong Kong, Dubai, Belize and elsewhere. It is apparent on the face of the Complaint, however, that New York (indeed, the United States) is mostly absent from any of the allegations.[1] Given that fact, there is no basis to bring this action in New York and certainly no basis for New York to exercise personal jurisdiction over David Pike. The Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(2).

---

[1] The Plaintiffs' only allegation connecting Mr. Pike to New York is an allegation that a correspondent bank in Manhattan processed one transfer of funds at the direction of someone other than Mr. Pike, with no allegation that Mr. Pike directed such transaction or was even aware of it. (AC ¶ 183.) Apparently recognizing the lack of contacts with New York in their initial Complaint, Plaintiffs added BNY Mellon as a defendant in the Second Amended Complaint, alleging that it acted as a correspondent bank for foreign financial institutions. (AC ¶¶ 62, 63) Even with this addition, New York is but a footnote in this plainly foreign saga.

Even if personal jurisdiction is determined to exist, the Plaintiffs' claims should be dismissed for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. Rule 12(b)(6).

## ARGUMENT

**1.    The Court Lacks Personal Jurisdiction Over David Pike**

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court has personal jurisdiction over the defendant. *Beach v. Citigroup Alternative Investments LLC,* No. 12 CIV. 7717 PKC, 2014 WL 904650, at *5 (S.D.N.Y. Mar. 7, 2014). To survive such a motion, the plaintiff must "make a prima facie showing through its pleadings and affidavits that jurisdiction exists." *Norvel Ltd. v. Ulstein Propeller AS*, 161 F. Supp. 2d 190, 199 (S.D.N.Y. 2001) (citations omitted). While a plaintiff's pleadings "are construed in the light most favorable to the plaintiff," courts may not, however, resolve "argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001,* 714 F.3d 659, 673 (2d Cir. 2013) (internal quotation marks omitted); *accord E. Mishan & Sons, Inc. v. Smart & Eazy Corp.,* No. 18 Civ. 3217, 2018 WL 6528496, at *3 (S.D.N.Y. Dec. 12, 2018). The allegations or evidence of activity providing the basis of jurisdiction must be non-conclusory and fact-specific. *See Jazini v. Nissan Motor Co.,* 148 F.3d 181, 185 (2d Cir. 1998); *accord Madison Capital Mkts., LLC v. Starneth Europe B.V.,* No. 15 Civ. 7213, 2016 WL 4484251, at *3 (S.D.N.Y. Aug. 23, 2016).  Finally, "a court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Norvel Ltd.*, 161 F. Supp. 2d at 197 (citations omitted).

In this case, New York law dictates whether this Court may exercise personal jurisdiction over Mr. Pike. *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985); *see also Crouch v. Atlas Van Lines, Inc.,* 834 F. Supp. 596, 599 (N.D.N.Y. 1993). When considering whether personal jurisdiction is appropriate, a two-fold inquiry is required. First, a determination must be made as to whether New York law provides a basis for exercising personal jurisdiction over the defendant. If jurisdiction is proper as a result of this analysis, the second inquiry ascends to a constitutional level, which requires an assessment of whether exercising jurisdiction over the defendant would offend due process. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945); *see also Twine v. Levy,* 746 F. Supp. 1202, 1204 (E.D.N.Y.1990).

> Here, Plaintiffs' jurisdictional allegations are wholly conclusory in nature:
>
> The Court has personal jurisdiction over each of the Defendants because each either conducts business in and maintains operations in this District, or is an individual who either is present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

(AC ¶ 15).

With reference to Mr. Pike in particular, Plaintiffs go on to allege that

> Defendant David Pike ("Pike") is an individual believed to be domiciled in Coral Gables, Florida and is sui juris. Pike served alongside Defendant Scott as a director of MSS International Consultant (BVI) ("MSSI")—the company that controlled, directly or indirectly, over a dozen investment funds used to launder hundreds of millions of dollars of the OneCoin Defendants' criminal proceeds, including funds derived, at least in part, from the investments made by Plaintiffs and the Class.
>
> Defendant Pike played a pivotal role in moving those funds, which he was or should have been aware were proceeds of a wide-ranging criminal enterprise.
>
> A criminal complaint for conspiracy to commit wire fraud and for false statements was filed in the U.S. District Court - Southern District of New York against Defendant Pike and was unsealed August 29, 2019. On February 6, 2020, Defendant Pike was indicted in the Southern District of New York for the actions described herein, including

3

for conspiracy to commit bank fraud. Defendant Scott was named in the indictment as Pike's co-conspirator.

(AC ¶¶ 49, 50, 51)[2]

### a.     "Doing Business" Pursuant to § 301

The New York C.P.L.R. allows a court to "exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. The comments to Section 301 make clear that it provides for general in personam jurisdiction grounded on presence, consent, domicile, and doing business. *Id*., cmt. C301.1. To satisfy the "doing business" standard, "a plaintiff must show that a defendant engaged in 'continuous, permanent, and substantial activity in New York.'" *Wiwa v. Royal Dutch Petroleum Co*., 226 F.3d 88, 95 (2d Cir. 2000) (quoting *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc*., 918 F.2d 1039, 1043 (2d Cir. 1990)).[3]

A court should consider several factors "to determine whether a defendant can be reached under section 301, including whether a defendant has an office, solicits business, has bank

---

[2] The Complaint misstates the facts.  The criminal complaint that was filed against Mr. Pike did ***not*** charge him with wire fraud, but rather charged him only with the making of a false statement in an FBI interview conducted in Coral Gables, Florida.  Nor does the pending criminal Information (no indictment was ever returned) charge Mr. Pike with "the actions described herein." (AC ¶¶ 49, 50, 51)  The pending criminal Information against Mr. Pike charges him with one count of conspiracy to commit bank fraud in violation of Title 18 U.S.C. §371.  *See United States v. David Pike*, Case No. 17-cr-630 (ER).  It is disingenuous in the extreme for Plaintiffs to describe the Information as charging Mr. Pike with *"*the actions described herein." It most decidedly does not.  In addition, as Plaintiffs are well aware, Mr. Pike was ***not*** charged as a co-defendant in Mr. Scott's case. The pending information simply alleges that a co-conspirator of Mr. Pike's made a false statement to an FDIC insured bank in Manhattan causing it to transfer funds from an investment fund operated by Mr. Pike and others.  The alleged victim of the offense is the bank, not the Plaintiffs.  Mr. Pike has pled not guilty to that charge.

[3] When a defendant moves to dismiss a complaint for lack of personal jurisdiction pursuant to FRCP 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *See In re Magnetic Audiotape Antitrust Litig*., 334 F.3d 204, 206 (2d Cir. 2003).

accounts and other property, or employs workers in the state." *Cortland Line Co. v. Vincent*, No. 98-CV-259, 1999 WL 305369, at *2 (N.D.N.Y. May 7, 1999) (citing *Hoffritz*, 763 F.2d at 58). "Arguably the most important factor needed for a finding of jurisdiction under § 301 is the in-state presence of employees engaged in business activity." Id. at *2 (citing *Pellegrino v. Stratton Corp.*, 679 F. Supp. 1164, 1171 (N.D.N.Y. 1986)). Section 301's "doing business" standard is "stringent, because a defendant who is found to be doing business in New York in a permanent and continuous manner may be sued in New York on causes of action wholly unrelated to acts done in New York." *Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 567-68 (S.D.N.Y. 2006) (internal quotation marks omitted).

Plaintiffs' unsupported allegation of jurisdiction over Mr. Pike does not satisfy the requirements of § 301. Plaintiffs do not (and, indeed, cannot) allege that Mr. Pike has a New York office, or bank accounts or other property within the state; nor do they allege that he solicits business or employs workers in New York.  They concede that Mr. Pike is domiciled in Florida.  (AC ¶ 49)   Nor do Plaintiffs allege that Mr. Pike transacts any business within New York or contracts to supply goods or services in New York; solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York; expects any act on his part to have consequences in New York;  derives substantial revenue from interstate or international commerce; or owns, uses or possesses any real property situated within New York. Nor was he served with process in New York.    Plainly, Plaintiffs have not established that Mr. Pike was doing business in New York as set forth in C.P.L.R. §§ 301, 302.

    **b.**    <u>**New York State Long Arm Jurisdiction**</u>

New York's long arm statute, C.P.L.R. § 302 (a) provides:

5

> (a) As to a cause of action arising from any acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state . . .; or
>
> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce, or
>
> 4. owns, uses or possesses any real property situated within the state.

The long arm statute requires "a strong nexus between the plaintiff's cause of action and the defendant's in state conduct." *Welsh v. Servicemaster Corp.*, 930 F. Supp. 908, 910 (S.D.N.Y. 1996); *see McGowan v. Smith,* 52 N.Y.2d 268, 272, 419 N.E.2d 321, 322-23, 437 N.Y.S.2d 643, 645 (1981) (explaining that there must be some "articulable nexus between the business transacted and the [claim]").

Plaintiffs have failed to establish that Mr. Pike falls into any of the categories set forth in C.P.L.R. § 302 (a).  Their only arguable basis would be the pendency of the criminal Information filed against Mr. Pike in New York. But that Information, which charges a conspiracy to commit fraud against an FDIC-insured bank (and to which Mr. Pike has pled not guilty), does not cure the jurisdictional deficiency of the Complaint. The conspiracy alleged in the Information is ***not*** the conspiracy outlined in the Plaintiff's Complaint.  The gravamen of the filed charge is that Mr. Pike and others, "misrepresented and omitted material facts to financial institutions . . . to cause those financial institutions to transfer funds into and out of accounts associated with purported

6

investment funds operated by PIKE and others." The Information does not allege that Mr. Pike was ever present in New York or that he performed any acts in New York.  And, the only basis for New York jurisdiction in the Information was a single overt act alleging that one of the participants – *not Mr. Pike* – "misrepresented material facts to an FDIC-insured bank in Manhattan, New York . . .  and thereby caused the Manhattan Bank to transfer approximately $5 million into a purported investment fund" operated by Mr. Pike and others.[4]  Moreover, there is no allegation in the Information that anyone was victimized by the alleged misrepresentations other than the financial institution at issue. Indeed, the Information does not even allege that the financial institution suffered any monetary loss. Clearly then, there can be no "strong nexus between the plaintiff's cause of action and the defendant's in state conduct."  *Welsh, supra.*  In fact, there was *no* in-state conduct on Mr. Pike's part.[5]

---

[4]  We recognize that under some circumstances personal jurisdiction may be established on the basis of the acts of a co-conspirator in New York.  *See, e.g., First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F.Supp. 2d 369, 394 (S.D.N.Y 2002). For the exercise of personal jurisdiction to comport with due process, however, the foreign defendants' conspiracy-related conduct must be "such that [they] should reasonably anticipate being haled into court" in New York. *World-Wide Volkswagen Corp.v. Woodson,,* 444 U.S. at 286, 297, 100 S.Ct. 559; *accord Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 82 (2d Cir. 2018) ("Where the claim arises out of, or relates to, the defendant's contacts with the forum — *i.e.,* specific jurisdiction is asserted — minimum contacts necessary to support such jurisdiction exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there"). In this case, the conspiracy with which Mr. Pike has been charged (to defraud a financial institution) is **not** the conspiracy alleged in the Complaint (to defraud investors in OneCoin).  A co-conspirator's false statement to a New York bank in an alleged separate conspiracy does not provide such contact with New York that Mr. Pike could reasonably foresee being haled into court by these Plaintiffs.

[5]  Even if a non-resident defendant is subject to personal jurisdiction under a state's long arm statute, a court located within the forum state may not exercise jurisdiction over that defendant if doing so would violate the Due Process Clause of the US Constitution. To satisfy the Due Process Clause, the defendant's contacts with the state must be such that it would "not offend traditional notions of fair play and substantial justice" to require the defendant to litigate in the forum (<u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310 (1945)). Given the lack of New York contacts here, to require Mr. Pike to litigate in New York would certainly "offend traditional notions of fair play and substantial justice."

All of Plaintiffs' allegations of jurisdiction against Mr. Pike are conclusory and devoid of any factual support. Because a court "will not . . . accept legally conclusory assertions or draw argumentative inferences," the Complaint must be dismissed for lack of personal jurisdiction. *See In re Terrorist Attacks on Sept. 11, 2001, supra at 673.*

2. **The Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted**

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true the well-pleaded factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). In so doing, the Court need not give "credence to plaintiff's conclusory allegations" or legal conclusions offered as pleadings. *Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) (internal quotation marks omitted). Indeed, the court should begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. 679. Moreover, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and internal quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If well-pleaded factual allegations exist, the court must then determine whether they plausibly give rise to an entitlement for relief. *Id.*

In this case, Plaintiffs have failed to sufficiently allege elements of each of their three claims for relief against David Pike. The claim for aiding and abetting fraud fails because there are no fact-specific allegations that Mr. Pike was aware that OneCoin was a Ponzi scheme. The Plaintiffs' claim for unjust enrichment may not survive since they have failed to allege a direct

8

connection between their purported loss and Mr. Pike's alleged gain. Additionally, the Plaintiffs' claim for unjust enrichment simply duplicates other claims in this action. Lastly, the Plaintiffs' claim for civil conspiracy fails because New York does not recognize an independent tort of conspiracy.

      a.      **Plaintiffs Fail To State A Claim For Aiding And Abetting Fraud – Count IV**

To establish liability for aiding and abetting fraud under New York law, "the plaintiffs must show (1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission." *Krys v. Pigott*, 749 F.3d 117 (2d Cir. 2014) *quoting from Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 292 (2d Cir. 2006) (internal quotation marks omitted). "[A]ctual knowledge is required to impose liability on an aider and abettor under New York law." *Id.* (internal quotation marks omitted). *See, e.g., Oster v. Kirschner*, 77 A.D.3d 51, 55, 905 N.Y.S.2d 69, 72 (1st Dep't 2010) ("A plaintiff alleging an aiding-and-abetting fraud claim must allege the existence of the underlying fraud, *actual knowledge*, and substantial assistance." (emphasis added)).

A failure to allege sufficient facts to support the inference that the alleged aider and abettor had actual knowledge of the fraudulent scheme warrants dismissal of the aiding and abetting claim at the pleading stage. *See, e.g., Lerner*, 459 F.3d at 292-93; *National Westminster Bank USA v. Weksel*, 124 A.D.2d 144, 149, 511 N.Y.S.2d 626, 630 (1st Dep't) *("National Westminster"), lv. denied*, 70 N.Y.2d 604 (1987).

In this case, although Plaintiffs make some bare bones allegations that Mr. Pike knew OneCoin was a fraud, such allegations are unsupported by sufficient facts to support the inference that he had actual knowledge of the fraudulent scheme.[6] See Fed. R. Civ. P 9 (b) ("In

---

[6] Plaintiffs assert some conclusory allegations that Mr. Pike knew that "the property involved in certain financial transactions represented the proceeds of some form of unlawful activity." (AC ¶ 275.) That

9

alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . .").[7] Absent its conclusory pronouncements of "money laundering," the Complaint merely alleges that Mr. Pike was a director of MSS Consultants International Ltd. ("MSSI") (AC ¶ 164.) and that he assisted in causing MSSI to set up several hedge funds. (*Id.*)  Unless Mr. Pike **knew** that money received by the MSSI hedge funds were the proceeds of a fraud, then all Plaintiffs accuse him of doing is setting up and operating hedge funds.  Because Plaintiffs have not alleged with requisite specificity that Mr. Pike had knowledge of the underlying fraud (as they must), they have failed to state a claim for aiding and abetting fraud and their claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### b. Plaintiffs Fail To State A Claim For Unjust Enrichment – Count VIII

To state a claim for unjust enrichment under New York law Plaintiff must show that "(1) the defendant was enriched; (2) at the expense of the plaintiff; and (3) that it would be inequitable to permit the defendant to retain that which is claimed by Plaintiff." *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 524 (S.D.N.Y. 2015). "Unjust enrichment is available only in unusual situations when, though the defendant has not breached a contract nor committed a

---

conclusory paragraph simply tracked the language of the money laundering statute (18 U.S. Code § 1956).  In AC ¶ 50, Plaintiffs assert that Mr. Pike "was or should have been aware" that the moneys at issue "were proceeds of a wide-ranging criminal enterprise." In AC ¶ 127, Plaintiffs state: "Knowing that the funds they were transferring and concealing were proceeds of a fraudulent scheme, the Scott Group Defendants provided affirmative assistance to the OneCoin Defendants enabling their fraudulent conduct to persist unimpeded . . . ."  Such "legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Munsif v. Barr*, 797 Fed. App'x 658, 659 (2d Cir. 2020).

[7] Under Fed. R. Civ. P. 9(b), a party alleging "fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake." While Rule 9(b) allows "[m]alice, intent, knowledge, and other conditions of a person's mind [to be] alleged generally[,]" Fed. R. Civ. P. 9(b), "courts 'must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations[.]'" *Silverman Partners, L.P. v. First Bank*, 687 F. Supp. 2d 269, 285 (E.D.N.Y. 2010) *quoting Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 52 (2d Cir.1995).

recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Mahoney v. Endo Health Sols., Inc.*, No. 15-CV-9841, 2016 WL 3951185, at *11 (S.D.N.Y. July 20, 2016) (internal quotation marks omitted). Courts will routinely dismiss an unjust enrichment claim that "simply duplicates, or replaces, a conventional contract or tort claim." *Ebin v. Kangadis Food Inc.,* No. 13- CV-2311, 2013 WL 6504547, at *7 (S.D.N.Y. Dec. 11, 2013) (dismissing unjust enrichment claim because plaintiffs failed to explain how it was not merely duplicative of the negligent misrepresentation, fraud, and breach of warranty claims); *see In re Ford Fusion & C-Max Fuel Econ. Litig.*, No. 13-MD-2450, 2015 WL 7018369, at *39 (S.D.N.Y. Nov. 12, 2015) ("Plaintiffs have failed to show how their unjust enrichment claim differs from [their] . . . tort claims[,] which seek relief from the same conduct, and therefore it must be dismissed under New York law.") (alterations in original) (internal quotation marks omitted); *Reynolds*, 136 F. Supp. 3d at 525 (granting motion to dismiss plaintiff's unjust enrichment claim as duplicative of § 349 and fraud claims).  Here, Plaintiffs unjust enrichment claim is duplicative of numerous of their other claims against various individuals.  Plaintiffs' cause of action against Mr. Pike for aiding and abetting fraud is but one example.   And, the fact that we seek dismissal of that claim is irrelevant.  See *Estate Advisors LLC v. La Mack*, 2018 WL 2059653, at *29 (S.D.N.Y. May 1, 2018) ("New York courts will dismiss unjust enrichment claims where the violative conduct alleged is conterminous with a conventional tort or contract claim, regardless of whether the tort or contract claim is dismissed."). Based on the forgoing, Plaintiffs' unjust enrichment claim must be dismissed.

   The unjust enrichment claim also fails because it relies on a conclusory allegation of unjust enrichment—simply tracking the elements of such a cause of action and alleging that Mr. Pike's "receipt of [funds] was at the direct expense" of the Plaintiffs. (AC ¶ 8.) This is not

enough. Plaintiffs must allege facts demonstrating that Mr. Pike received money that specifically belonged to them. *See Amusement Indus., Inc. v. Midland Ave. Assocs., LLC*, 820 F. Supp. 2d 510, 536–38 (S.D.N.Y. 2011). A party pleading unjust enrichment must articulate a specific direct benefit the defendant received at the expense of the plaintiff's property. *In re Commodity Exch., Inc.*, 213 F. Supp. 3d 631, 676 (S.D.N.Y. 2016) (Caproni, J.); *see also Granite Partners, L.P. v. Bear, Stearns & Co.,* 17 F.Supp.2d 275, 313 (S.D.N.Y. 1998) ("A defendant is enriched at the expense of a plaintiff when the defendant receives a benefit of money or property belonging to the plaintiff.") (citation omitted).

In this instance, the Plaintiffs fail to allege any facts demonstrating a direct connection between the funds the Plaintiffs' allegedly invested in OneCoin and any funds Mr. Pike may have received as compensation from MSSI. The Plaintiffs' failure to plead facts demonstrating that the money sought from Mr. Pike under an unjust enrichment theory are the funds they invested in OneCoin, is a fatal defect. There can be no unjust enrichment liability without a direct connection between the funds Plaintiffs invested and funds Mr. Pike received as compensation. There is no such connection in this case. As such, Plaintiffs' unjust enrichment claim should be dismissed under Rule 12(b)(6).

    **c.**    **Plaintiffs Fail To State A Claim For Civil Conspiracy – Count X**

Finally, the Plaintiffs' claim for civil conspiracy should be dismissed, because "New York does not recognize an independent tort of conspiracy." *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401 (2d Cir. 2006) *citing Alexander & Alexander of New York, Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986). Thus, civil conspiracy claims that merely duplicate a party's other claims—including aiding and abetting claims—should be dismissed. *See In re Allou Distributors, Inc.*, 446 B.R. 32, 60 (Bankr. E.D.N.Y. 2011) (collecting cases and dismissing civil

conspiracy claim as duplicative of an aiding and abetting claim arising, in part, from allegations of money laundering); *Kew Gardens Hills Apartment Owners, Inc. v. Horing Welikson & Rosen, P.C.*, 35 A.D.3d 383, 386 (2d Dep't 2006) (holding that civil conspiracy claim should have been dismissed as duplicative of the claim for aiding and abetting).  The Plaintiffs' civil conspiracy claim is based on the same conduct set forth in the aiding and abetting claim ("laundering of approximately $400 million in proceeds of a pyramid scheme involving a purported cryptocurrency known as OneCoin.") (compare AC ¶ 265 (civil conspiracy) with ¶223 (aiding and abetting)). There are no independent acts supporting the Plaintiffs' claim for civil conspiracy. *Cortes v. Twenty-First Century Fox Am., Inc.*, 285 F. Supp. 3d 629, 640 (S.D.N.Y.), *aff'd sub nom. Cortes v. 21st Century Fox Am., Inc.*, 751 F. App'x 69 (2d Cir. 2018) ("In order to state a claim for conspiracy, therefore, there must be allegations of an independent actionable tort.") Based on the forgoing, Plaintiffs' claim for civil conspiracy against Mr. Pike should be dismissed pursuant to Rule 12(b)(6).

## Conclusion

David Pike is a Florida resident with no ties to New York. The Complaint alleges that he was employed as a director of MSSI and that he assisted MSSI in establishing various hedge funds.  While he has been accused by Plaintiffs of laundering money obtained by OneCoin as a result of an alleged fraud, there are no fact-specific allegations that Mr. Pike was ever aware of, or took part in, such fraud.  Because the court has no personal jurisdiction over Mr. Pike and because the Plaintiffs' allegations against him do not state a claim upon which relief can be

granted, the court should dismiss the Complaint against Mr. Pike pursuant to Fed. R. Civ. P. 12 (b)(2) and 12 (b)(6).

>Respectfully submitted,
>
>RASKIN & RASKIN, P.A.
>201 Alhambra Circle
>Suite 1050
>Coral Gables, Fl. 33134
>Telephone: (305) 444-3400
>
>/s/ Martin R. Raskin
>Martin R. Raskin
>Florida Bar No. 315206
>mraskin@raskinlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21st, 2020 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

>/s/ Martin R. Raskin
>MARTIN R. RASKIN