IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD BERDEAUX and CHRISTINE GRABLIS, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ONECOIN LTD.; RUJA IGNATOVA; SEBASTIAN GREENWOOD; MARK SCOTT; DAVID PIKE; NICOLE J. HUESMANN; GILBERT ARMENTA; and THE BANK OF NEW YORK MELLON,<br><br>       Defendants. | C.A. No 1:19-cv-04074-VEC<br><br>Hon. Valerie E. Caproni<br><br><u>CLASS ACTION</u> |

**REQUEST FOR CLERK'S ENTRY OF DEFAULT AS TO DEFENDANTS ONECOIN LTD, RUJA IGNATOVA, GILBERT ARMENTA AND SEBASTIAN GREENWOOD**

TO: Ruby J. Krajick, Clerk of Court
   United States District Court
   Southern District of New York

Lead Plaintiff Donald Berdeaux and Plaintiff Christine Grablis (together, "Plaintiffs") respectfully request that the Clerk of the Court enter a certificate of default against Defendants OneCoin LTD ("OneCoin") Ruja Ignatova ("Ignatova"), Gilbert Armenta ("Armenta") and Sebastian Greenwood ("Greenwood") pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1, and pursuant to this Court's Order (ECF No. 184, the "Order") for their failure to appear or otherwise respond to the Complaint within the time specified by the Federal Rules of Civil Procedure or otherwise Ordered by this Court. In support of this motion, Plaintiffs submit the Declaration of Donald J. Enright (the "Enright Dec."), filed herewith.

Plaintiffs filed their opening Complaint on May 7, 2019. [ECF No. 1]. Summonses were issued as to Defendants OneCoin, Ignatova, and Greenwood on May 8, 2019. [ECF Nos. 11-13].

*See* Enright Dec. at ¶ 3, Ex. A. After the selection of Lead Plaintiff, Plaintiffs were ordered to file an amended Complaint, which Plaintiffs did on August 2, 2019 (ECF No. 40, the "FAC"). On December 3, 2019, Plaintiffs filed a motion for service by publication against certain Defendants, including Defendants OneCoin, Ignatova, and Greenwood. [ECF No. 71-74]. *See* Enright Dec. at ¶ 4, Ex. B. On January 24, 2020, this Court granted Plaintiffs' motion for service by publication as to Defendants OneCoin and Ignatova, but denied the motion without prejudice as to Defendant Greenwood (ECF No. 78, the "Service Order"). *See* Enright Dec. at ¶ 5, Ex. C. On February 3, 2020, Plaintiffs filed a status update with this Court and the attached declaration of John A. Carriel affirming that Plaintiffs had successfully served Defendants OneCoin and Ignatova pursuant to the Service Order. [ECF No. 88]. *See* Enright Dec. at ¶ 6, Ex. D. Accordingly, as of February 3, 2020, Defendants OneCoin and Ignatova had been served with the FAC and with their summonses. Because Plaintiffs were, at the time, unable to serve Defendant Greenwood due to his unknown location and means of contact, Plaintiffs dismissed Defendant Greenwood without prejudice on February 28, 2020. [ECF No. 90].[1]

On September 25, 2020, Plaintiffs filed their Second Amended Complaint. [ECF No. 25, the "SAC"]. On September 30, 2020, a summons was again issued as to Defendant Greenwood, as well as to newly-named Defendant Armenta. [ECF No. 130, 32]. *See* Enright Dec. at ¶ 8, Ex. E.

On October 26, 2020, Plaintiffs informed the Court that attempts at service of the SAC on Defendant Greenwood were ongoing. [ECF No. 141]. After determining that Defendant

---

[1] This Court determined that based on successful service of the FAC on Defendants OneCoin and Ignatova, service of the SAC on Defendants OneCoin and Ignatova was not necessary, and instructed Plaintiffs to move for entries of default and default judgment against Defendants OneCoin and Ignatova along with Defendants Greenwood and Armenta. *See* ECF No. 186.

Greenwood was likely located at the Metropolitan Correctional Center of New York, NY (the "MCC"), Plaintiffs focused their service efforts accordingly. Noting that, per MCC policy, a federal inmate can only be served by federal or state law enforcement officials, Plaintiffs filed a motion to appoint the US Marshals Service as special process servers pursuant to Federal Rule of Civil Procedure 4(c)(3). [ECF No. 145]. On November 17, 2020, the Court granted this motion. On December 23, 2020, within the timeframe required to serve Defendant Greenwood per the Federal Rules, Plaintiffs filed on this Court's docket an affidavit of service from the US Marshals Service reflecting successful service of the SAC and the summons on Defendant Greenwood (service which had been completed that day). [ECF No. 165]. *See* Enright Dec. at ¶ 9, Ex. F.[2] Accordingly, as of December 23, 2020, Defendant Greenwood had been served with his summons and the SAC, and was on notice of this Action.

As for Defendant Armenta, on November 2, 2020, Defendant Armenta was served. [ECF No. 144]. *See* Enright Dec. at ¶ 9, Ex. G. His response to the SAC was thus originally due November 23, 2021. *SEE* FED. R. CIV. P. 12(a)(1)(A)(i). Successful service was not contested and so on November 23, 2020, Defendant Armenta requested an extension of time to respond to the SAC to March 1, 2021 while he obtained formal civil counsel. [ECF No. 149]. This Court set Defendant Armenta's time to respond to the SAC initially for February 1, 2021, stating "[t]hree months is ample time for Defendant to obtain counsel and respond to the Complaint." [ECF No. 150]. On January 28, 2021, counsel for Defendant Armenta entered their appearances for this Court (ECF Nos. 169-170), and requested another extension to respond to the SAC. [ECF No. 171]. This Court granted Defendant Armenta's request again, and set Defendant Armenta's date to respond

---

[2] Plaintiffs also note that the US Marshals Service filed an identical service affidavit on December 28, 2020, also reflecting successful service on Defendant Greenwood on December 23, 2020. *See* ECF No. 168.

to the SAC as February 26, 2021, stating, "[a]bsent extenuating circumstances, the Court is highly unlikely to grant any further extensions of Mr. Armenta's time to respond to the complaint." [ECF No. 172]. On February 16, 2021, counsel for Defendant Armenta filed a motion to withdraw from this Action. [ECF No. 175]. On February 17, 2021, this Court granted Defendant Armenta's Counsel's Motion, stating:

> Mr. Armenta must obtain new counsel not later than **March 17, 2021**. If no counsel has entered an appearance on the record as of that date, the Court will presume Mr. Armenta to be proceeding pro se. Mr. Armenta's February 26, 2021 deadline to respond is adjourned to **April 7, 2021**.

[ECF No. 176] (emphasis and italics in original). No counsel has filed an appearance on behalf of Defendant Armenta by March 17, 2021 (nor at all), and Defendant Armenta has not responded to the SAC by April 7, 2021.

Defendants OneCoin, Ignatova, Armenta, and Greenwood have not waived service. *See* Enright Dec. at ¶ 10. Federal Rule of Civil Procedure 12 states: "Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows . . . A defendant must serve an answer . . . within 21 days after being served with the summons and complaint." *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Rule 55 of the Federal Rules of Civil Procedure states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* at 55(a). More than 21 days have elapsed since service was successfully effectuated on Defendants OneCoin, Ignatova, and Greenwood, and Defendant Armenta did not abide by the Court's Order to respond to the SAC within his given timeframe. These Defendants have failed to answer or otherwise respond to the Complaint, the SAC, or to serve any answer or otherwise respond to Plaintiffs' attorneys of record within the timeframe specified under the

Federal Rules. *See* Enright Dec. at ¶ 13 These Defendants are not infants, military, or incompetent. *See* Enright Dec. at ¶ 11.

Based on the foregoing, Plaintiffs respectfully request that the Clerk enter Certificates of Default against Defendants OneCoin, Ignatova, Armenta, and Greenwood pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.1

Dated: May 5, 2021                                          Respectfully submitted,

**LEVI & KORSINSKY, LLP**
*/s/ Donald J. Enright*
**LEVI & KORSINSKY, LLP**
Donald J. Enright (admitted *pro hac vice*)
Adam M. Apton
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Facsimile: (202) 363-7171
E-mail: denright@zlk.com
Email: Aapton@zlk.com
Email: zness@zlk.com

John A. Carriel (*pro hac vice* forthcoming)
Email: jcarriel@zelle.com
**ZELLE LLP**
1775 Pennsylvania Ave, NW, Suite 375
Washington, DC 20006
Telephone: (202) 899-4111
Facsimile: (612) 336-9100

**SILVER MILLER**
David C. Silver (*pro hac vice* forthcoming)
Jason S. Miller (*pro hac vice* forthcoming)
11780 W. Sample Road
Coral Springs, FL 33065
Telephone: (954) 516-6000
E-mail: DSilver@SilverMillerLaw.com
E-Mail: JMiller@SilverMillerLaw.com

*Attorneys for Lead Plaintiff Donald Berdeaux and Christine Grablis and Co-Lead Counsel for the Class*