-1-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD BERDEAUX and CHRISTINE GRABLIS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ONECOIN LTD.; RUJA IGNATOVA; SEBASTIAN GREENWOOD; MARK SCOTT; DAVID PIKE; NICOLE J. HUESMANN; GILBERT ARMENTA; and THE BANK OF NEW YORK MELLON<br><br>        Defendants. | C.A. No 1:19-cv-04074-VEC<br><br>Hon. Valerie E. Caproni<br><br><u>CLASS ACTION</u> |

**DECLARATION OF DONALD J. ENRIGHT IN SUPPORT OF REQUEST FOR CLERK'S ENTRY OF DEFAULT AS TO DEFENDANTS ONECOIN LTD, RUJA IGNATOVA, GILBERT ARMENTA AND SEBASTIAN GREENWOOD**

-1-

I, Donald J. Enright, hereby declare as follows:

1. I am a partner with the Law Firm of Levi & Korsinsky, LLP, Co-Lead Counsel for Lead Plaintiff Donald Berdeaux and Plaintiff Christine Grablis (together, "Plaintiffs") in the above captioned Action (the "Action"). I am admitted *pro hac vice* in this matter. [ECF No. 101]. This declaration is based on my own personal knowledge, the facts contained in relevant documents as noted below, and Levi & Korsinsky's records of the matters stated herein. If called upon, I could and would competently testify thereto.

2. I respectfully submit this declaration pursuant to Federal Rule of Civil Procedure 55(a) and Rule 55.1 of the Civil Rules of the Southern District of New York in support of Plaintiffs' Request for Clerk's Entry of Default as to Defendants OneCoin LTD ("OneCoin"), Ruja Ignatova ("Ignatova"), Gilbert Armenta ("Armenta"), and Sebastian Greenwood ("Greenwood").

3. On May 8, 2019, summonses were issued as to Defendants OneCoin, Ignatova, and Greenwood. A true and correct copy of these summonses are attached hereto as **Exhibit A**.

4. On December 3, 2019, Plaintiffs filed a motion for service by publication against Defendants OneCoin, Ignatova, and Greenwood. A true and correct copy of this motion is attached hereto as **Exhibit B**.

5. On January 24, 2020, this Court granted Plaintiffs' motion for service by publication as to Defendants OneCoin and Ignatova, but denied the motion without prejudice as to Defendant Greenwood. A true and correct copy of this Service Order is attached hereto as **Exhibit C**.

6. On February 3, 2020, Plaintiffs filed a status update with this Court noting that Plaintiffs had successfully served Defendants OneCoin and Ignatova with their summonses and the First Amended Complaint (ECF No. 40, the "FAC"), and filed a declaration of John A. Carriel

attesting to completion of this service per the Service Order. A true and correct copy of this status update and accompanying declaration are attached hereto as **Exhibit D**. Accordingly, as of February 3, 2020, Defendants OneCoin and Ignatova had been served with the summonses and the Complaint.

7. On September 25, 2020, Plaintiffs filed the Second Amended Complaint (ECF No. 125, the "SAC") which asserts the same or fewer claims and allegations against Defendants OneCoin and Ignatova as the FAC.[1]

8. On September 30, 2020, a summons was again issued as to Defendant Greenwood, as well as to newly-named Defendant Armenta. A true and correct copy of these summonses are attached hereto as **Exhibit E**.

9. On December 23, 2020, Plaintiffs filed an affidavit of service from the US Marshals Service reflecting successful service of the summons and the SAC on Defendant Greenwood. A true and correct copy of the US Marshals Service's service affidavit on Defendant Greenwood is attached hereto as **Exhibit F**.[2] Accordingly, as of December 23, 2020, Defendant Greenwood had been sufficiently served. Additionally, on November 2, 2020, Defendant Armenta was sufficiently served though his criminal counsel, as authorized by Defendant Armenta himself. A true and correct copy of the service affidavit as to Defendant Armenta is attached hereto as **Exhibit G**.

10. Defendants OneCoin, Ignatova, Armenta, and Greenwood have not waived service.

---

[1] This Court determined that based on successful service of the FAC on Defendants OneCoin and Ignatova, service of the SAC on Defendants OneCoin and Ignatova was not necessary, and instructed Plaintiffs to move for entries of default and default judgment against Defendants OneCoin and Ignatova along with Defendants Greenwood and Armenta. *See* ECF No. 186.

[2] Plaintiffs also note that the US Marshals Service filed an identical service affidavit on December 28, 2020, also reflecting successful service on Defendant Greenwood on December 23, 2020. *See* ECF No. 168.

- 3 -

11. Defendants OneCoin, Ignatova, Armenta, and Greenwood are not infants, military, or incompetent.

12. Defendants OneCoin, Ignatova, Armenta, and Greenwood have all been served sufficiently pursuant to this Court's orders and/or the Federal Rules of Civil Procedure.

13. Defendants OneCoin, Ignatova, Armenta, and Greenwood have thus have failed to answer or otherwise respond to the Complaint, the SAC, or to serve any answer or otherwise respond to Plaintiffs' attorneys of record within the timeframe specified under the Federal Rules. *See* FED. R. CIV. P. 12(a)(1)(A)(i).

14. Plaintiffs thus request that a certificate of default be entered against Defendants OneCoin, Ignatova, Armenta, and Greenwood.

I hereby affirm and attest, under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct this 5th day of May, 2021.

/s/ *Donald J. Enright*
Donald J. Enright
