# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD BERDEAUX and CHRISTINE GRABLIS, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>v.<br><br>ONECOIN LTD.; RUJA IGNATOVA; SEBASTIAN GREENWOOD; MARK SCOTT; DAVID PIKE; NICOLE J. HUESMANN; GILBERT ARMENTA; and THE BANK OF NEW YORK MELLON,<br><br>                      Defendants. | C.A. No 1:19-cv-04074-VEC<br><br>Hon. Valerie E. Caproni<br><br><u>CLASS ACTION</u> |

**ATTORNEY'S AFFIDAVIT OF DONALD J. ENRIGHT IN SUPPORT OF DEFAULT JUDGMENT AGAINST DEFENDANTS ONECOIN LTD., RUJA IGNATOVA AND <u>GILBERT ARMENTA</u>**

-1-

I, Donald J. Enright, hereby declare as follows:

1. I am a partner with the Law Firm of Levi & Korsinsky, LLP, Co-Lead Counsel for Lead Plaintiff Donald Berdeaux and Plaintiff Christine Grablis (together, "Plaintiffs") in the above captioned Action (the "Action"). I am admitted *pro hac vice* in this matter. [ECF No. 101]. This attorney's affidavit is based on my own personal knowledge, the facts contained in relevant documents as noted below, and Levi & Korsinsky's records of the matters stated herein. If called upon, I could and would competently testify thereto.

2. I respectfully submit this declaration pursuant to Federal Rule of Civil Procedure 55 and this Court's Individual Rules of Practice in Civil Cases, in support of Plaintiffs' Proposed Default Judgment against Defendants OneCoin Ltd., Ruja Ignatova, and Gilbert Armenta.

3. On May 7, 2019, Plaintiffs commenced this Action. [ECF No. 1].

4. Plaintiffs filed their opening Complaint on May 7, 2019. [ECF No. 1]. Summonses were issued as to, *inter alia*, Defendants OneCoin, and Ignatova on May 8, 2019. [ECF Nos. 11-12]. After the selection of Lead Plaintiff, Plaintiffs were ordered to file an amended Complaint, which Plaintiffs did on August 2, 2019 (ECF No. 40, the "FAC"). On December 3, 2019, Plaintiffs filed a motion for service by publication against certain Defendants, including Defendants OneCoin and Ignatova [ECF No. 71-74]. On January 24, 2020, this Court granted Plaintiffs' motion for service by publication as to Defendants OneCoin and Ignatova (ECF No. 78, the "Service Order"). On February 3, 2020, Plaintiffs filed a status update with this Court and the attached declaration of John A. Carriel affirming that Plaintiffs had successfully served Defendants OneCoin and Ignatova pursuant to the Service Order. [ECF No. 88]. Accordingly, as of February 3, 2020, Defendants OneCoin and Ignatova were served with the FAC and with their summonses.

5. On September 25, 2020, Plaintiffs filed their Second Amended Complaint (the "SAC"). [ECF No. 125]. The SAC asserts the same or fewer claims against Defendants OneCoin and Ignatova as the FAC, and so special service of the SAC on Defendants OneCoin and Ignatova was unnecessary. *See* ECF No. 186.

6. On November 2, 2020, Defendant Armenta was served. [ECF No. 144]. His response to the SAC was thus originally due November 23, 2020. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Successful service was not contested and so on November 23, 2020, Defendant Armenta requested an extension of time to respond to the SAC to March 1, 2021 while he obtained formal civil counsel. [ECF No. 149]. This Court set Defendant Armenta's time to respond to the SAC initially for February 1, 2021, stating "[t]hree months is ample time for Defendant to obtain counsel and respond to the Complaint." [ECF No. 150]. On January 28, 2021, counsel for Defendant Armenta entered their appearances for this Court (ECF Nos. 169-170), and requested another extension to respond to the SAC. [ECF No. 171]. This Court granted Defendant Armenta's request again and set Defendant Armenta's date to respond to the SAC as February 26, 2021, stating, "[a]bsent extenuating circumstances, the Court is highly unlikely to grant any further extensions of Mr. Armenta's time to respond to the complaint." [ECF No. 172]. On February 16, 2021, counsel for Defendant Armenta filed a motion to withdraw from this Action. [ECF No. 175]. On February 17, 2021, this Court granted Defendant Armenta's Counsel's Motion, stating:

> Mr. Armenta must obtain new counsel not later than **March 17, 2021**. If no counsel has entered an appearance on the record as of that date, the Court will presume Mr. Armenta to be proceeding pro se. Mr. Armenta's February 26, 2021 deadline to respond is adjourned to **April 7, 2021**.

[ECF No. 176] (emphasis and italics in original). No counsel has filed an appearance on behalf of Defendant Armenta by March 17, 2021 (nor at all), and Defendant Armenta has not responded to the SAC by April 7, 2021. [ECF No. 184].

7. This Court properly has subject matter jurisdiction over the claims lodged against Defendants OneCoin, Ignatova, and Armenta. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and under Section 27 of the Exchange Act [15 U.S.C. § 77v] because Plaintiffs allege Sections 10(b) and 20(a) of the Exchange Act. Additionally, this court has jurisdiction over Plaintiffs' state law claims through supplemental jurisdiction, since the state law claims arise out of the very same case and controversy as the federal law claims. *See* 28 U.S. Code § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). This Court also has subject matter jurisdiction in this Action pursuant to 28 U.S.C. §1332(a) and 1332(d)(2)(A) because this is a class action in which the matter or controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in which some of the members of the Class are citizens of a state different from the Defendants. Finally, this Court has subject matter jurisdiction because Defendants are in default, and so the well-plead allegations of subject matter jurisdiction are taken as true. *See* SAC at ¶¶ 13-14.

8. This default judgment is applicable to fewer than all of the Defendants. Specifically, it is applicable to Defendants OneCoin, Ignatova, and Armenta only, and not to Defendants Mark Scott, David Pike, Nichole J. Huesmann, Sebastian Greenwood, and Bank of New York Mellon. Additionally, Plaintiffs have not yet moved for class certification. Accordingly, a determination of damages prior to a decision as to whether this Action may proceed as a class action is premature. Plaintiffs therefore request the issue of damages be resolved as to any defaulted defendants following the resolution of any future motion for class certification to allow for a determination on class-wide damages. *See Telford v. Ideal Mortg. Bankers, LTD.*, No. CV

09-5518, 2010 WL 3924790, at *4 (E.D.N.Y. Aug. 17, 2010), *report and recommendation adopted*, No. 09-CV-5518 JS AKT, 2010 WL 3909313 (E.D.N.Y. Sept. 27, 2010) (recommending that in light of defendant's default depriving Plaintiff of an opportunity to conduct discovery, that Plaintiff be granted an opportunity to conduct discovery on the question of the class and damages).

9. Similarly, Plaintiffs would request the opportunity to file a renewed motion for default judgment against Defendants OneCoin, Ignatova, and Armenta should a class become certified in this Action. Because several defendants' motions to dismiss remain *sub judice* and no discovery has been possible in this Action as a result of the automatic stay of discovery codified by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u–4(b)(3)(B), a motion for class certification would be premature at this time.

10. Attached as **Exhibit A** is the affidavit of service as to Defendants OneCoin and Ignatova.

11. Attached as **Exhibit B** is an affidavit of service of the pleadings as to Defendant Armenta.

12. Attached as **Exhibit C** are the certificates of default signed by the Clerk of the Court pursuant to Local Civil Rule 55.1

I hereby affirm and attest, under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct this 28th day of May, 2021.

/s/ *Donald J. Enright*
Donald J. Enright